Exhibit 1 Page 1 of 33

# EXHIBIT 1

Exhibit 1 Page 2 of 33

Jeremy E. Roller, WSBA No. 32021
ARETE LAW GROUP PLLC
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

Matthew Sava, Esq.**
Matthew J. Livingston, Esq.*
Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119
Phone: (212) 858-9982
msava@reidwise.com
mlivingston@reidwise.com
** *Pro Hac Vice Application
Forthcoming*
*Admitted Pro Hac Vice*

*Attorneys for EB-5 Plaintiffs*

HON. FREDERICK P. CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

1 MIN, LLC; HOTEL AT
SOUTHPORT, LLC; and TWELFTH
FLOOR, LLC,

Debtors.

LAN CAI, SHUJIE CHEN,
TIANRAN CHEN, WEIJUN CHEN,
JIE CHU, ZHAOJUN CONG, HE
CUI, JIANYING DING, JICHUN
DU, QING DU, JIEYING FENG,
YUPENG GAO, YIRAN HAN,
JINYANG HU, NAIXIN HU, XIAO

Chapter 11

Lead Case No. 24-01519

(Jointly Administered)

Adv. Proc. No.____

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 1



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 3 of 33

HUANG, JUNMEI JIN, XIN MENG, WEIHONG LU, YUANYUAN MA, MIN PAN, LEI PEI, HAO QI, XIAO RONG, JUAN SHAO, HUI WANG, JINGYI WANG, YUQUAN WANG, ZIDONG WANG, RONGRONG WU, ZHAOHUI XU, QI XU, JIE YAN, KE YANG, QIN YANG, HONGYUN YU, SHUXIAN ZENG, XIAOHONG ZHANG, YING ZHAO, MINBO ZHOU, NAN ZHOU, HUIQING ZHU, ZILING ZENG, LUYI ZHANG, JUNDI LIANG, TAO LI, YUN CAI, HONGLIANG TANG, JIE TANG, WENLUNG CHEN, SHI ZHANG, JUN CHE, DAHE ZHANG, SHAN WAN, XIAOHONG SUN, YAN LYU A/K/A YAN LU, WENYAN WANG, JIALIN TIAN, RUI TANG, XINHAN LIN, SIYU LIU, JIANYING MENG, PHUONG NGUYEN, YEQING PAN, XUERONG QI, QIANG WANG, JUNLI WEI, YUNFEI WU, HONGYING YU, DONGLI ZHANG,

Plaintiffs,

v.

HOTEL AT SOUTHPORT, LLC, TWELFTH FLOOR, LLC, 1 MIN, LLC.

Defendants.

**COMPLAINT FOR DAMAGES & CLAIM ALLOWANCE**

Plaintiffs Lan Cai, Shujie Chen, Tianran Chen, Weijun Chen, Jie Chu, Zhaojun Cong, He Cui, Jianying Ding, Jichun Du, Qing Du, Jieying Feng, Yupeng Gao, Yiran Han, Jinyang Hu, Naixin Hu, Xiao Huang, Junmei Jin, Xin Meng, Weihong Lu, Yuanyuan Ma, Min Pan, Lei Pei, Hao Qi, Xiao Rong, Juan Shao, Hui Wang, Jingyi Wang, Yuquan Wang, Zidong Wang, Rongrong Wu, Zhaohui Xu, Qi Xu, Jie Yan, Ke Yang, Qin Yang, Hongyun Yu, Shuxian Zeng,



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 4 of 33

1  Xiaohong Zhang, Ying Zhao, Minbo Zhou, Nan Zhou, Huiqing Zhu, Ziling

2  Zeng, Luyi Zhang, Jundi Liang, Tao Li, Yun Cai, Hongliang Tang, Jie Tang,

3  Wenlung Chen, Shi Zhang, Jun Che, Dahe Zhang, Shan Wan, Xiaohong Sun,

4  Yan Lyu a/k/a Yan Lu, Wenyan Wang, Jialin Tian, Rui Tang, Xinhan Lin, Siyu

5  Liu, Jianying Meng, Phuong Nguyen, Yeqing Pan, Xuerong Qi, Qiang Wang,

6  Junli Wei, Yunfei Wu, Hongying Yu, and Dongli Zhang, (collectively

7  "Plaintiffs," each a "Plaintiff") file this adversary proceeding and allege the

8  following against debtor-defendants Hotel At Southport, LLC ("Borrower"),

9  Twelfth Floor, LLC and 1 Min, LLC, (collectively "Defendants," each a

10  "Defendant").[1]

11  _____

[1] The Defendants in this adversary proceeding are limited to the three Chapter
11 debtors in the above-captioned cases. However, there is a simultaneous state
court proceeding pending in the Superior Court of the State of Washington,
King County (Case No. 24-2-04850-2) (the "State Court Litigation") involving
the same Plaintiffs and additional defendants. The State Court Litigation
includes four additional defendants as well as potential John Doe defendants.
Those additional State Court Litigation Defendants are Michael Christ, Seattle
Family, LP, Southport Management LLC, and Seco Development, Inc.
(collectively, the "State Court Defendants").

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 3

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 5 of 33

## <u>NATURE OF THE ACTION</u>

1. This Complaint arises out of Defendants' fraudulent inducement of Plaintiffs to invest in non-debtor Southport Hotel EB-5 LP (the "Partnership") and their subsequent breach of fiduciary duties owing to Plaintiffs.

2. Plaintiffs are seventy (70) foreign investors who sought to immigrate to the United States by each investing $500,000 in or about 2014 and 2015 to become limited partners of the Partnership in connection with their immigration petitions for a green card under the U.S. Government's EB-5 investor immigration program ("EB-5 Program").

3. Under the EB-5 Program, a foreign investor has the right to receive a green card if he or she invests $500,000 into a qualified project in the United States and his or her investment is used to create at least 10 jobs for the U.S. economy.

4. State Court Defendant Michael Christ owns, controls, and manages all of the Defendant entities, and through control of State Court Defendant Seattle Family, LP (the "General Partner"), he manages the Partnership.

5. As part of their investment agreement, Defendants represented to Plaintiffs, among other things, that their investment funds would be used by the Partnership as a loan ("EB-5 Loan") to Borrower, an entity owned, managed and controlled by Michael Christ, to develop a 12-story Hyatt Regency Hotel

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 4

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 6 of 33

1    with 347 guest rooms in Renton, Washington ("Project").

2          6.    The Project is located at 1053 Lake Washington Boulevard North,

3    Renton, Washington 98056, with Parcel ID 0523059075 ("Land"). Borrower

4    owns the Land, and Defendants contributed the Land as equity to the Project.

5          7.    Defendants represented to Plaintiffs that the EB-5 Loan would be

6    secured by a deed of trust ("EB-5 Deed of Trust") on the Land, so that their

7    investments would be senior to the Defendants' equity in the Project.

8          8.    Defendants also represented to Plaintiffs that the EB-5 Deed of

9    Trust would only be subordinated to a senior construction loan of no more than

10    $19 million.

11          9.    After Plaintiffs made the investments, however, Defendants and

12    the State Court Defendants withdrew their equity and took additional money

13    from the Project, totaling at least $35.3 million, and replaced their equity with

14    construction loans up to $130 million that are senior to the EB-5 Loan.

15          10.    Defendants defaulted under the senior loans, with the result that

16    nearly the entirety of Plaintiffs' investments has been lost.

17                  **PARTIES**

18          11.    Plaintiffs Lan Cai, Shujie Chen, Tianran Chen, Weijun Chen, Jie

19    Chu, Zhaojun Cong, He Cui, Jianying Ding, Jichun Du, Qing Du, Jieying Feng,

20    Yupeng Gao, Yiran Han, Jinyang Hu, Naixin Hu, Xiao Huang, Junmei Jin, Xin

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 7 of 33

1    Meng, Weihong Lu, Yuanyuan Ma, Min Pan, Lei Pei, Hao Qi, Xiao Rong, Juan

2    Shao, Hui Wang, Jingyi Wang, Yuquan Wang, Zidong Wang, Rongrong Wu,

3    Zhaohui Xu, Qi Xu, Jie Yan, Ke Yang, Qin Yang, Hongyun Yu, Shuxian Zeng,

4    Xiaohong Zhang, Ying Zhao, Minbo Zhou, Nan Zhou, Huiqing Zhu, Ziling

5    Zeng, Luyi Zhang, Jundi Liang, Tao Li, Yun Cai, Hongliang Tang, Jie Tang,

6    Wenlung Chen, Shi Zhang, Jun Che, Dahe Zhang, Shan Wan, Xiaohong Sun,

7    Yan Lyu a/k/a Yan Lu, Wenyan Wang, Jialin Tian, Rui Tang, Xinhan Lin, Siyu

8    Liu, Jianying Meng, Phuong Nguyen, Yeqing Pan, Xuerong Qi, Qiang Wang,

9    Junli Wei, Yunfei Wu, Hongying Yu, and Dongli Zhang are foreign investors.

10   They each signed a Subscription Agreement and Limited Partnership

11   Agreement ("LPA" or "Partnership Agreement") and paid a subscription price

12   of $500,000, plus an administration fee of $50,000, to become limited partners

13   in the Partnership in connection with his or her EB-5 immigration visa

14   application.

15        12.    Defendant Hotel at Southport LLC is a Delaware limited liability

16   company with its principal place of business located at 1133 Lake Washington

17   Blvd. N, Suite 80, Renton, WA 98056. It is the successor-in-interest to Hotel at

18   Southport LLC, a Washington limited liability company. It is the owner of the

19   Land.

20        13.    Defendant Twelfth Floor, LLC is a Delaware limited liability

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 6

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 8 of 33

1    company with its principal place of business located at 1133 Lake Washington

2    Blvd. N, Suite 80, Renton, WA 98056. It 100% owns Borrower, and it is 100%

3    owned by defendant 1 Min, LLC.

4         14.     Defendant 1 Min, LLC is a Washington limited liability company

5    with its principal place of business located at 1133 Lake Washington Blvd. N,

6    Suite 80, Renton, WA 98056. It 100% owns defendant Twelfth Floor, and it is

7    100% owned by State Court Defendant Michael Christ.

8                        **JURISDICTION AND VENUE**

9         15.     This Court has jurisdiction over this matter pursuant to 28 U.S.C.

10    §§ 157 and 1334(b). This action is a core proceeding pursuant to 28 U.S.C. §§

11    157(b)(2)(B).

12         16.     Venue is proper in this District pursuant to 28 U.S.C. § 1409.

13                        **FACTUAL BACKGROUND**

14   **I.**     **The Chapter 11 Cases**

15         17.     On September 20, 2024, each of the Defendants sought bankruptcy

16    protection by filing these Chapter 11 cases.

17         18.     On the same day, September 20, 2024, the Debtors filed the first

18    Joint Chapter 11 Plan (as subsequently amended, the "Plan") [ECF No. 9].

19         19.     On November 4, 2024, a group of the EB-5 Plaintiffs in the State

20    Court Litigation filed a proof of claim in the Chapter 11 Cases (the "Proof of

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 7

▲
ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Case 24-01519-FPC Doc 1-58 Filed 02/11/25 Entered 02/11/25 15:42:55 Pg 8 of 33

Exhibit 1 Page 9 of 33

1    Claim"). The Proof of Claim was subsequently supplemented to reference all

2    70 plaintiffs in the State Court Litigation and this adversary proceeding.

3        20.    The Debtors filed a preemptive objection to the Proof of Claim on

4    October 21, 2024 [ECF No. 89].

5        21.    On October 31, 2024, the EB-5 Plaintiffs filed a limited objection

6    to the Plan, seeking a reserve amount to potentially satisfy the Proof of Claim

7    or any damages awarded in this adversary proceeding [ECF No. 98].

8        22.    The Debtors and EB-5 Plaintiffs subsequently resolved the Limited

9    Objection and an amended Plan was confirmed on November 27, 2024,

10   including a reserve amount of $32.45 million to potentially satisfy the EB-5

11   Plaintiffs' claims [ECF No. 129].

12       23.    The Debtors and Plaintiffs subsequently consensually agreed to

13   pursue resolution of the EB-5 Plaintiffs' claims via this adversary proceeding,

14   to potentially permit the Debtors to close the main Chapter 11 cases, thereby

15   potentially saving estate resources.

16   **II.    The EB-5 Program**

17       24.    The EB-5 program was created by the U.S. Congress in 1990 to

18   stimulate the U.S. economy through job creation and capital investment by

19   foreign investors.

20       25.    The EB-5 Program, administered by the United States Citizenship

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 8

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 10 of 33

1    and Immigration Services ("USCIS"), permits qualified foreign investors to

2    obtain immigration visas and to apply for green cards if they invest in certain

3    commercial enterprises that meet certain qualifications, including, but not

4    limited to, the creation or preservation of at least ten jobs per investor. (*See*

5    *generally* www.uscis.gov/eb-5.)

6    26.    Generally, a business that seeks to raise funds through the EB-5

7    Program will form a new commercial enterprise, such as the Partnership here,

8    and will solicit foreign investors seeking to immigrate to the United States to

9    become investors in such new commercial enterprise.

10    27.    Businesses view the EB-5 Program as a low-cost source of

11    financing, as the interest rate paid to EB-5 investors is significantly lower than

12    paid through other forms of financing.

13    28.    After the investors subscribe to become limited partners and make

14    the required investment, they file a Form I-526 Immigration Petition for

15    Entrepreneur ("I-526 Petition") with USCIS to show, based on a business plan

16    and supporting documents submitted by the partnership, that the investment will

17    satisfy EB-5 requirements.  *See* 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6(a), (j).

18    Upon approval of the I-526 Petition, USCIS will grant the investor conditional

19    permanent residency, often known as a "conditional green card." 8 U.S.C. §

20    1186 b(a)(1).

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 9



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 11 of 33

29.     Within two years after receiving a conditional green card, the investor must file with USCIS a Form I-829 Petition by Entrepreneur to Remove Conditions on Permanent Resident Status to prove that the investor satisfied the investment and job creation requirements of the EB-5 Program, at which time the investor's green card becomes permanent. 8 U.S.C. § 1186b(c); 8 C.F.R. § 216.6(a) and (c).

**III.     Plaintiffs' Investment In The Project**

30.     The Partnership in this case is an investment vehicle formed by the Defendants purportedly for the purpose of providing EB-5 financing for the development, construction, and operation of the Project.

31.     Defendants are the promotors and solicitors of the EB-5 investment program for the Project. At all relevant times, Defendants have exercised absolute control and domination over the General Partner, utilized it as a conduit to solicit EB-5 investment funds, and made all decisions for the General Partner.

32.     In or about November 2013, the Defendants began soliciting foreign investors, including the Plaintiffs, to participate in the EB-5 Program to raise capital to fund the Project.

33.     To facilitate the EB-5 capital raising, Defendants prepared and issued offering documents for the Partnership, including a Private Placement Memorandum ("PPM"); a Subscription Agreement; the LPA; a Business Plan;

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 10

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 12 of 33

and loan agreement between the Partnership and the Borrower ("Loan Agreement") (collectively, the "Offering Documents").

34.     State Court Defendant Michael Christ signed the Subscription Agreement and the LPA as the Member of the General Partner.

35.     Plaintiffs were provided with these Offering Documents, which offered each of them the opportunity to invest a subscription amount of $500,000 in the Partnership and to pay an administration fee of $50,000 to become a Limited Partner.

36.     The Offering Documents were provided to the Plaintiffs as a single package, cross-referencing and incorporating each other by reference to form an integrated contract.

37.     The Offering Documents contained material promises and representations regarding the investment in the Partnership.

38.     Among other things, the Plaintiffs were promised that their subscription funds would be loaned to the Borrower to develop the Project, that the EB-5 Loan would be secured by the EB-5 Deed of Trust on the Land, that the Defendants contributed the Land to the Project as their equity, and that the EB-5 Loan would be senior to Defendants' equity interests and would only be subordinated to a senior construction loan up to $19 million.

39.     The Offering Documents provide that the "[t]otal project cost is

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 11

**ARÊTE LAW GROUP**
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 13 of 33

1  $134,571,760," that "[u]p to $115.5 million of the Project cost will be funded

2  by [the EB-5 Loan]," and that the "[a]dditional funding for the project is $19

3  million in traditional construction loan financing []and/or additional investment

4  by Michael Christ and investors."

5      40.    The Offering Documents provide that the EB-5 Loan funds would

6  pay 86% of the total costs for the Project development, and funds from other

7  sources, including the potential senior construction loan, would pay the other

8  14% of costs.

9      41.    Relying on the representations in the Offering Documents, in or

10  about 2014 and 2015, each Plaintiff signed the Subscription Agreement and the

11  Partnership Agreement and paid a subscription price of $500,000 and an

12  administration fee of $50,000.

13      42.    Among the Offering Documents, the wiring instructions in the

14  "First Amendment to the Private Placement Memorandum Dated as of

15  November 13, 2014" ("First Amendment to PPM") required investors "to wire

16  their Capital Contributions directly to [the Partnership]" to an East West Bank

17  account ending in 4066 held in the name of "Seattle Family LP dba Michael

18  Christ."

19      43.    The offering was concluded in late 2016, and the Partnership

20  eventually raised $99.5 million EB-5 capital from 199 foreign investors,

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 12

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 14 of 33

1 including $29.5 million raised from the 59 Plaintiffs.[2]

2     44.    The Project began construction in October 2014. The construction

3 was completed and, according to Defendants, the hotel opened in July 2017.

4 **IV.    Books And Records Demand**

5     45.    Although the Defendants, through their control over the General

6 Partner, disclosed to the Plaintiffs in a Project status report that the EB-5 Loan

7 was subordinated to a senior loan that Defendants obtained in 2017, the

8 Defendants did not disclose the amount of the senior loan until January 2023.

9 Plaintiffs understood that Defendants had previously represented that the senior

10 loan would not exceed $19 million and had no reason to believe at the time that

11 Defendants had lied to them.

12     46.    However, in a status report Defendants provided to Plaintiffs in

13 January 2023, Defendants disclosed for the first time that the outstanding

14 balance of the senior loan was as high as $130 million, which exceeded the size

15 of the potential senior loan (*i.e.*, up to $19 million) as represented in the Offering

16 Documents more than sixfold.

17     47.    Defendants disclosed that the maturity date of the senior loan was

18     _____

19 [2] Defendants initially planned to raise up to $115.5 million from EB-5 investors,

20 but they eventually raised only $99.5 million in EB-5 funds.

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 13



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 15 of 33

1    approaching but that Defendants were unable to refinance it.

2    48.    Defendants disclosed to the investors, including the Plaintiffs, that

3    they planned to sell the Project, but that the sales proceeds would not be

4    sufficient to repay both the $130 million senior loan and the $99.5 million EB-

5    5 Loan.

6    49.    Defendants, in the Status Report on the Project dated December

7    13, 2023, estimated that the Partnership would receive only $11 million from

8    the sale – approximately $108.5 million less than the principal and interest

9    amount owed to the Partnership, and even less than the unpaid interest on the

10   EB-5 Loan.[3]

11   50.    Astonished by the size of the outstanding balance of the senior loan

12   and the staggering predicted loss on the EB-5 Loan, Plaintiffs initiated an

13   investigation, including serving a books and record demand ("Demand") in

14   December 2023.

15   51.    The General Partner, under Defendants' control, produced some,

16   but not all, of the requested documents.

17   52.    In response to Plaintiffs' inquiries, the General Partner, under

18   _____

19   [3] According to Defendants, the outstanding principal of the EB-5 Loan is $99.5

20   million, and the outstanding interest on the EB-5 Loan is more than $20 million.

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 14



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 16 of 33

1  Defendants' control, stated that Defendants borrowed $130 million in a senior

2  loan because of unexpected cost increases in developing the Project, which

3  eventually escalated the total development costs to over $250 million.

4      53.    The General Partner, under Defendants' control, stated that

5  because of the cost increase, Defendants first refinanced the Project and

6  obtained a senior construction loan of $73 million in January 2017 ("2017

7  Loan").

8      54.    Then, in January 2018, after the hotel had been open for business

9  for six months, Defendants refinanced the Project again. They replaced the 2017

10  Loan with a $105 million senior construction loan ("2018 Construction Loan").

11     55.    In November 2019, Defendants again refinanced the Project by

12  replacing the 2018 Construction Loan with a $130 million senior loan ("2019

13  Loan").

14     56.    The 2019 Loan matured on February 10, 2024, and since

15  Defendants were unable to replace it with a new loan, they defaulted on the 2019

16  Loan.

17     57.    Plaintiffs questioned how Defendants could have spent over $250

18  million to develop the Project, as this number far exceeds the reasonable funds

19  needed to develop this 347-room Hyatt Regency Hotel.

20     58.    The General Partner, under Defendants' control, stated that costs

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 17 of 33

1   increased because Defendants were required to upgrade the original hotel design

2   to satisfy the requirements of the Hyatt Regency brand.

3       59.     However, according to the First Amendment to PPM provided by

4   the Defendants, the total Project cost, which included the additional costs for

5   upgrading, was $152,479,805.

6       60.     In fact, according to the Hyatt's Franchise Disclosure Documents,

7   to develop a Hyatt Regency Hotel with 250 to 500 guest rooms, the total

8   investment necessary to develop and begin operation of the hotel ranged from

9   $33,382,500 to $128.5 million in 2015, and from $43,853,500 to $144.59

10  million in 2017.

11      61.     In other words, the total cost to develop a 500-room Hyatt Regency

12  Hotel in 2015 should not exceed $128.5 million; and the maximum cost to

13  develop a 500-room Hyatt Regency Hotel in 2017 should be $144.59 million.

14      62.     Therefore, the total costs for Defendants to develop the 347-room

15  Hyatt Regency hotel in this Project could not conceivably approach $250

16  million.

17      63.     After repeated requests The General Partner, under Defendants'

18  control, eventually produced a Hotel Cost Breakdown.

19      64.     The Hotel cost Breakdown indicates a significant decrease in the

20  Defendants' equity, dropping from $24,498,699.03 in 2017, to $8,685,805.93

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 16

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 18 of 33

1  in 2018, then to a negative number, -$9,997,709.72, in 2019, and further to -

2  $10,806,759 in 2022. These figures align with the Hotel's balance sheets from

3  2018 to 2023, also produced by the Partnership on January 5, 2024. The balance

4  sheets indicate that Michael Christ's capital in the Hotel was $8,685,804.93 in

5  2018, -$9,997,709.82 in 2019, -$9,735,183 in 2020, -$9,103,355 in 2021, and

6  -$10,806,759 in 2022.

7      65.   In other words, since 2017, Defendants withdrew their $24.5

8  million equity and took an additional $10.8 million out of the Project, and

9  replaced these funds with loans senior to the EB-5 Loan.

10      66.   Defendants used the $35.3 million funds they took out of the

11  Project for purposes other than the Project.

12      67.   If the Defendants hadn't withdrawn their equity, in the event of

13  insolvency, the EB-5 Loan would have been repaid before Defendants received

14  any distribution.

15      68.   At the time of offering, Defendants planned to withdraw their

16  equity and take funds from the Project once they were able to obtain senior

17  loans.

18      69.   Defendants did not disclose this plan to Plaintiffs, knowing that

19  Plaintiffs would not have invested in the Partnership if they had known of

20  Defendants' plan.

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 17

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 19 of 33

1    70.    The Borrower paid about $3 million per year to the Partnership for

2    the interest on the EB-5 Loan.

3    71.    The Partnership Agreement allows the General Partner to take only

4    1/3 of the interest payments, *i.e.*, $1 million per year, as management fees; and

5    the remaining 2/3, *i.e.*, $2 million per year, should be distributed to the EB-5

6    investors (including Plaintiffs).

7    72.    Pursuant to Section 5.2 of the Partnership Agreement, the

8    distributions to EB-5 investors should be made quarterly beginning on April 1,

9    2017, the first calendar quarter after the refinance of the Project that took place

10    in January 2017.

11    73.    Therefore, from 2017 to 2023, $14 million should have been

12    distributed to the investors.

13    74.    But Plaintiffs have not received the required distribution.

14    75.    Defendants took the $14 million funds that were supposed to be

15    distributed to the investors.

16    76.    As of the present day, the critical financial statements and

17    documents detailing Defendants' financial condition and the Project's costs

18    remain undelivered, including, but not limited to, the financial statements and

19    accounting documents of the Partnership and the Defendants, the loan draw

20    requests Defendants submitted to the senior lenders, site visit reports with

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 18

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 20 of 33

1 respect to the Project, the loan agreement for the 2017 Loan, and the loan

2 documents for the 2018 Construction Loan.

3 **V.     Alter Ego Of Defendants**

4      77.     Each of the Defendants, Michael Christ, and the General Partner,

5 are alter egos of each other.

6      78.     At all times relevant herein, State Court Defendant Michael Christ

7 has controlled and managed the Defendants and the General Partner.

8      79.     At all times relevant herein, State Court Defendant Michael Christ

9 has owned the Defendants and the General Partner.

10      80.     At all times relevant herein, Michael Christ has been intentionally

11 using the Defendants and the General Partner as his instrumentality to commit

12 the wrongs alleged in this Complaint, including, but not limited to, making

13 material misrepresentations to induce Plaintiffs to invest in the Project,

14 concealing his intent to take funds out of the Project and replace the withdrawn

15 funds with loans senior to the EB-5 Loan, misusing the Project's funds for

16 purposes unrelated to the Project, releasing the EB-5 Deed of Trust and

17 incurring senior loans for the Defendants' own benefit, and violating the books

18 and records obligations owed to Plaintiffs.

19      81.     Disregarding the corporate veil is necessary and required to

20 prevent the unjustified loss to Plaintiffs.

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 19

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 21 of 33

82.    The investors' capital contributions to the Partnership were supposed to be paid to the Partnership' bank account(s), but Michael Christ required the investors to wire their capital contributions directly to an East West Bank account ending in 4066 held in the name of "Seattle Family LP dba Michael Christ."

83.    Because the corporate form has been disregarded and abused by Michael Christ, the separateness of the entity Defendants and the General Partner has ceased to exist.

**COUNT I**
**DIRECT CLAIM FOR FRAUD**
**(Against All Defendants)**

84.    Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

85.    Defendants, Michael Christ, and the General Partner, are alter egos of each other.

86.    In the Offering Documents, Defendants misrepresented that the EB-5 Loan would be secured by a Deed of Trust, that the EB-5 Loan would only be subordinate to a senior loan of no more than $19 million, and that Defendants' equity would be subordinate to the EB-5 Loan.

87.    Defendants knew these representations to be false because they had planned to withdraw funds from the Project after refinancing, artificially inflate

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 20

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 22 of 33

1  the construction cost budget to nearly two times the amount represented to

2  plaintiffs in the offering documents, replace the withdrawn funds with senior

3  loans, and subordinate the EB-5 Loan to the new senior loans.

4       88.    At the time of investment, Defendants concealed their plan to

5  withdraw funds from the Project, artificially inflate the construction cost budget,

6  and replace the funds with senior loans.

7       89.    Defendants made these misrepresentations and concealed their true

8  plan because they intended to induce Plaintiffs to invest in the Project.

9       90.    Defendants knew that Plaintiffs would not have invested in the

10  Partnership if they had known the truth that defendants planned to withdraw

11  their equity investment and replace it with additional construction loans senior

12  to the EB-5 Loan, thereby effectively improperly subordinating the EB-5 Loan

13  to defendants' equity interests.

14       91.    Plaintiffs did not know Defendants' true intent, reasonably relied

15  on Defendants' false statements and omissions, and invested in the Project by

16  each paying $500,000 for a capital contribution to the Partnership and $50,000

17  for administrative fees.

18       92.    In keeping with their plan, Defendants withdrew at least $35

19  million of their equity contribution and replaced the funds with the 2017 Loan,

20  a loan that was senior to the EB-5 Loan.

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 21

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 23 of 33

1   93.   To facilitate the 2017 Loan, Defendants released the EB-5 Deed of

2   Trust and did not disclose the release to the Plaintiffs.

3   94.   Each Plaintiff has been damaged by investing in the Partnership

4   and paying $550,000 when, if the true facts had been disclosed, they would not

5   have done so.

6   95.   Based on Defendants' fraud, each Plaintiff seeks damages in the

7   amount of $550,000, plus interest.

8                          **COUNT II**
    **DIRECT CLAIM FOR BREACH OF FIDUCIARY DUTY**
9                     **<u>(Against All Defendants)</u>**

10   96.   Plaintiffs repeat and reallege each and every allegation set forth in

11   the preceding paragraphs as if fully set forth herein.

12   97.   As a general partner to the Partnership, State Court Defendant

13   General Partner owes fiduciary duties to Plaintiffs.

14   98.   As the manager of the General Partner, and as the individual who

15   owns and controls the General Partner, State Court Defendant Michael Christ

16   likewise owes fiduciary duties to Plaintiffs.

17   99.   As promoters of the Project, Defendants owed fiduciary duties to

18   Plaintiffs.

19   100.  Defendants, Michael Christ, and the General Partner, are alter egos

20   of each other, and therefore Defendants owe the same fiduciary duties to

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 22

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 24 of 33

1     Plaintiffs.

2     101.   Defendants owe fiduciary duties of loyalty and care.

3     102.   Defendants breached their fiduciary duties by withdrawing their

4 equity contributions, which were junior to the EB-5 Loan, and replacing them

5 with loans senior to the EB-5 Loan.

6     103.   If the Defendants hadn't withdrawn their equity contributions, in

7 the event of insolvency, the EB-5 Loan would have been repaid before

8 Defendants received any distribution.

9     104.   Defendants breached their fiduciary duties by taking money from

10 the Project for purposes other than the Project.

11     105.   If the Defendants hadn't taken the $35.3 million funds from the

12 Project, artificially inflated the construction budget, and replaced the withdrawn

13 equity funds with senior loans, they would not have defaulted on the senior loans

14 and would not be at risk of foreclosure.

15     106.   If the Defendants hadn't released the EB-5 Deed of Trust, the EB-

16 5 Loan would be secured by the Land.

17     107.   The Defendants breached their fiduciary duties by lying to the

18 Plaintiffs, stating that they incurred the $130 million of senior loans because

19 construction costs increased to over $250 million, while in fact, the Defendants

20 used the senior loans to replace the funds they took from the Project. This

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 23

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 25 of 33

1    artificial inflation of the construction cost budget and withdrawal of Defendants'

2    equity to the direct detriment of plaintiffs' EB-5 Loan investment was a breach

3    of Defendants' fiduciary duties owed to Plaintiffs.

4    108.   Defendants further breached their fiduciary duties to Plaintiffs by

5    concealing their plan to withdraw money from the Project and replace the funds

6    with loans that are senior to the EB-5 Loan.

7    109.   The Defendants also breached their fiduciary duties to the

8    Plaintiffs by concealing from them the fact that the Borrower had been paying

9    interest on the EB-5 Loan, and by taking the portion of the EB-5 Loan interest

10   payments that should have been distributed to the Plaintiffs totaling $14 million.

11   110.   The Plaintiffs have been harmed by Defendants' breach of

12   fiduciary duties in an amount to be determined at trial, but not less than

13   $550,000 each.

## COUNT III
## DIRECT CLAIM FOR
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against All Defendants)

16   111.   Plaintiffs repeat and reallege each and every allegation set forth in

17   the preceding paragraphs as if fully set forth herein.

18   112.   State Court Defendant General Partner breached their fiduciary

19   duties to the Plaintiffs.

20

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 24

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 26 of 33

1    113.   State Court Defendant Michael Christ, as an active wrongdoer, had

2    full knowledge of the ongoing breaches of fiduciary duties by the General

3    Partner.

4    114.   State Court Defendant Michael Christ significantly aided the

5    General Partner in breaching the fiduciary duties.

6    115.   Defendants, under Michael Crist's control, likewise had full

7    knowledge of the ongoing breaches of fiduciary duty by the General Partner

8    and, as instrumentalities used by Crist to commit the breaches of fiduciary duty

9    set forth herein, significantly aided the General Partner in breaching the

10   fiduciary duties.

11   116.   Plaintiffs have been harmed by Defendants' aiding and abetting

12   breach of fiduciary duties in an amount to be determined at trial, but in no event

13   less than $550,000 to each Plaintiff.

14   **COUNT IV**
     **DIRECT CLAIM FOR SECURITIES FRAUD**
15   **(Against All Defendants)**

16   117.   Plaintiffs repeat and reallege each and every allegation set forth in

17   the preceding paragraphs as if fully set forth herein.

18   118.   RCW 21.20.010 prohibits any person from "employ[ing] any

19   device, scheme, or artifice to defraud," "mak[ing] any untrue statement of

20   material fact," or "omit[ting] a material fact," "in connection with the offer, sale

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 25

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 27 of 33

1    or purchase of any security." RCW 21.20.010.

2        119.    The equity interests in the Partnership sold to Plaintiffs are

3    securities.

4        120.    Defendants, by using the General Partner as their conduit, provided

5    Plaintiffs, and caused Plaintiffs to be provided, with Offering Documents that

6    contained a number of material misrepresentations and omissions about the

7    Project.

8        121.    Defendants used means or instrumentalities of interstate

9    commerce, or the mails, to make these misstatements and omissions to

10   Plaintiffs.

11       122.    Defendants, by using the General Partner as their conduit,

12   misrepresented that the EB-5 Loan would be secured by the EB-5 Deed of Trust

13   against the Land, that the EB-5 Loan would only be subordinated to a future

14   senior loan of no more than $19 million, and that Defendants' equity would be

15   subordinate to the EB-5 Loan.

16       123.    Defendants, by using the General Partner as their conduit,

17   concealed from Plaintiffs the plan to withdraw funds from the Project after

18   refinance, replace the withdrawn funds with senior loans, and subordinate the

19   EB-5 Loan to the new senior loans that would far exceed $19 million.

20       124.    Defendants' active misrepresentations and concealment of facts is

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 26

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 28 of 33

1  further demonstrated by, among other things, Defendants' lies to Plaintiffs and

2  concealment of the books and records that Plaintiffs, as limited partners, are

3  entitled to inspect.

4      125.   When deciding to invest in the Project, Plaintiffs justifiably relied

5  on Defendants' false statements and omissions, believing that the EB-5 Loan

6  was secured by the EB-5 Deed of Trust against the Land that would only be

7  subordinated to a potential senior loan up to $19 million. These were material

8  misrepresentations and omissions.

9      126.   Plaintiffs are purchasers of securities and Defendants are sellers

10  and solicitors of securities. Defendants played a substantial role in persuading

11  Plaintiffs to buy the security and successfully solicited the purchase to serve

12  their own financial interests.

13      127.   Defendants' misrepresentations and omissions proximately

14  caused Plaintiffs' injuries and loss because Plaintiffs would not have invested

15  in the Project but for these misrepresentations and omissions.

16      128.   These material misrepresentations and omissions also cut to the

17  very core of the risk of loss Plaintiffs would face in this investment as stated in

18  the Offering Materials.

19      129.   As a direct and proximate result of Defendants' conduct, Plaintiffs

20  have been damaged in an amount in excess of $550,000 for each Plaintiff, plus

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 27

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 29 of 33

1    interest, attorneys' fees, and costs, and any other relief as provided by law.

2    **COUNT V**
     **DIRECT CLAIM FOR CIVIL CONSPIRACY**
3    **(Against All Defendants)**

4    130.   Plaintiffs repeat and reallege each and every allegation set forth in

5    the preceding paragraphs as if fully set forth herein.

6    131.   The Defendants entered into a conspiracy with Michael Christ and

7    General Partner to defraud Plaintiffs and to breach their fiduciary duties.

8    132.   As set forth above, each of the Defendants has taken actions in

9    furtherance of this conspiracy.

10   133.   Plaintiffs have been harmed by this conspiracy in an amount to be

11   determined at trial, but in no event less than $550,000 each.

12   **COUNT VI**
     **VIOLATION OF RCW 19.86.020**
13   **(Against All Defendants)**

14   134.   Plaintiffs repeat and reallege each and every allegation set forth in

15   the preceding paragraphs as if fully set forth herein.

16   135.   Each of the individual Plaintiffs, a natural person, paid a $500,000

17   capital contribution and $50,000 administration fee, totaling $38.5 million, to

18   invest in the Partnership.

19   136.   Plaintiffs' investment money all came from their personal funds.

20   137.   Plaintiffs made their investments in connection with their green

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 28

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 30 of 33

1    card applications under the EB-5 Program.

2        138.   Defendants were engaged in the conduct of trade or commerce

3    when they solicited each of Plaintiffs' investments in the Project and caused, by

4    their misrepresentations, fraud, and other misconduct described herein, each of

5    the Plaintiffs to invest their personal funds into the Project.

6        139.   Defendants'   misconduct,   as   described   herein,   undermined

7    Plaintiffs' purpose for investing their personal funds into the Partnership.

8        140.   Specifically, Defendants, by using the General Partner as their

9    conduit, misrepresented that the EB-5 Loan would be secured by the EB-5 Deed

10   of Trust against the Land, that the EB-5 Loan would only be subordinated to a

11   future senior loan of no more than $19 million, and that Defendants' equity

12   would be subordinate to the EB-5 Loan.

13       141.   Defendants concealed from Plaintiffs their plan to withdraw funds

14   from the Project after refinance, replace the withdrawn funds with senior loans,

15   and subordinate the EB-5 Loan to the new senior loans that would far exceed

16   $19 million.

17       142.   Defendants created and circulated the Offering Documents to

18   Plaintiffs and other foreign individuals with the intent to induce them to invest

19   into the Partnership.

20       143.   Defendants' actions described herein constitute deceptive acts or

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 29

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 31 of 33

1  practices, and a violation of RCW 19.86.020.

2  144.  Defendants used the General Partner as their conduit to circulate

3  the Offering Documents to the public, and therefore their deceptive acts impact

4  the public interest.

5  145.  As a direct and proximate result of Defendants' deceptive acts,

6  Plaintiffs have been damaged in an amount in excess of $550,000 for each

7  Plaintiff, plus interest, attorneys' fees, and costs, and any other relief as provided

8  by law.

9  146.  Under RCW 19.86.090, Plaintiffs are entitled to treble damages,

10  plus reasonable attorneys' fees together with the costs of suit.

11  **PRAYER FOR RELIEF**

12  **WHEREFORE**, Plaintiffs respectfully request that the Court enter a

13  judgment against Defendants, and each of them either individually or jointly

14  and severally, as follows, including allowance of the Proof of Claim in full:

15  (i)  For Count I, compensatory damages for fraud in an amount

16  exceeding $550,000 for each Plaintiff, or $38.5 million for all Plaintiffs, plus

17  interest;

18  (ii)  For Count II, compensatory damages for breach of fiduciary

19  duties in an amount exceeding $550,000 for each Plaintiff, or $38.5 million for

20  all Plaintiffs, plus interest;

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 32 of 33

1          (iii)   For Count III, compensatory damages for aiding and

2   abetting breach of fiduciary duties in an amount exceeding $550,000 for each

3   Plaintiff, or $38.5 million for all Plaintiffs, plus interest;

4          (iv)   For Count IV, compensatory damages for securities fraud in

5   an amount exceeding $550,000 for each Plaintiff, or $38.5 million for all

6   Plaintiffs, plus interest;

7          (v)   For Count V, compensatory damages for civil conspiracy in

8   an amount exceeding $550,000 for each Plaintiff, or $38.5 million for all

9   Plaintiffs, plus interest;

10          (vi)   For Count VI, compensatory damages for deceptive

11   business practice in an amount exceeding $550,000 for each Plaintiff, or $38.5

12   million for all Plaintiffs, plus interest; and threefold damages; together with

13   reasonable attorneys' fees and costs of suit under RCW 19.86.090;

14          (vii)   Disgorgement of profits;

15          (viii)  Costs and attorneys' fees; and

16          (ix)   Such other relief as the Court may deem just and reasonable.

17   DATED: January 31, 2025.    **ARETE LAW GROUP PLLC**

18          By: _/s/ Jeremy E. Roller_
              Jeremy E. Roller, WSBA No. 32021

19          Lisa Herb, WSBA No. 23161
              600 University Street, Suite 2420

20          Seattle, WA 98101



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Exhibit 1 Page 33 of 33

1   Phone:  (206) 428-3250
    Fax:   (206) 428-3251
2   jroller@aretelaw.com
    lherb@aretelaw.com

3   **REID & WISE LLC**

4   By: _/s/ Matthew Sava_
5   Matthew Sava (*pro hac vice* application
    forthcoming)
6   Matthew Livingston (admitted *pro hac vice*)
    One Penn Plaza, Suite 2015
7   New York, NY 10119
    Phone: (212) 858-9968
8   Fax: (516) 821-8978
    msava@reidwise.com
9   mlivingston@reidwise.com

10  *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

COMPLAINT FOR DAMAGES
& CLAIM ALLOWANCE
No. 24-01519 – Page 32



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250