Jeremy E. Roller, WSBA No. 32021
ARETE LAW GROUP PLLC
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

Matthew Sava, Esq.*
Matthew J. Livingston, Esq.*
Zheng Gao, Esq.*
Reid & Wise LLC
One Penn Plaza, Suite 2015
New York, NY 10119
Phone: (212) 858-9982
msava@reidwise.com
mlivingston@reidwise.com
zgao@reidwise.com
*Admitted Pro Hac Vice

Attorneys for EB-5 Plaintiffs

HON. FREDERICK P. CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>1 MIN, LLC; HOTEL AT SOUTHPORT, LLC; and TWELFTH FLOOR, LLC,<br><br>    Debtors. | Chapter 11<br><br>Lead Case No. 24-01519<br><br>(Jointly Administered)<br><br>Adv. Proc. No. 25-80007 |
| LAN CAI, SHUJIE CHEN, TIANRAN CHEN, WEIJUN CHEN, JIE CHU, ZHAOJUN CONG, HE CUI, JIANYING DING, JICHUN DU, QING DU, JIEYING FENG, YUPENG GAO, YIRAN HAN, JINYANG HU, NAIXIN HU, XIAO HUANG, JUNMEI JIN, XIN MENG, WEIHONG LU, YUANYUAN MA, MIN PAN, LEI PEI, HAO QI, XIAO RONG, JUAN SHAO, HUI | **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 1 of 17

| | |
|---|---|
| 1 | WANG, JINGYI WANG, YUQUAN WANG, ZIDONG WANG, RONGRONG WU, ZHAOHUI XU, QI XU, JIE YAN, KE YANG, QIN YANG, HONGYUN YU, SHUXIAN ZENG, XIAOHONG ZHANG, YING ZHAO, MINBO ZHOU, NAN ZHOU, HUIQING ZHU, ZILING ZENG, LUYI ZHANG, JUNDI LIANG, TAO LI, YUN CAI, HONGLIANG TANG, JIE TANG, WENLUNG CHEN, SHI ZHANG, JUN CHE, DAHE ZHANG, SHAN WAN, XIAOHONG SUN, YAN LYU A/K/A YAN LU, WENYAN WANG, JIALIN TIAN, RUI TANG, XINHAN LIN, SIYU LIU, JIANYING MENG, PHUONG NGUYEN, YEQING PAN, XUERONG QI, QIANG WANG, JUNLI WEI, YUNFEI WU, HONGYING YU, DONGLI ZHANG, |
| | Plaintiffs, |
| | v. |
| | HOTEL AT SOUTHPORT, LLC, TWELFTH FLOOR, LLC, 1 MIN, LLC. |
| | Defendants, |
| | and |
| | WF CREL 2020 GRANTOR TRUST, |
| | Intervenor-Defendant. |

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

PLEASE TAKE NOTICE that Plaintiffs by and through their undersigned counsel, Arete Law Group PLLC and Reid & Wise, LLC, hereby file this Motion for Entry of Protective Order and respectfully move this Court pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7026, for entry of a protective order (1) providing that all depositions of Plaintiffs shall be conducted via remote video conference pursuant to Fed. R. Civ. P. 30(b)(4) and (2) limiting the total number of depositions of Plaintiffs in this case to ten (10). Movants seek protection from the undue burden and expense associated with the potential requirement that each Plaintiff, 44 of whom currently reside in China, physically travel to the State of Washington to sit for a deposition. For the reasons set forth herein, Plaintiffs respectfully request that the Court enter the proposed Protective Order attached hereto as <u>Exhibit 1</u>.

## **BACKGROUND**

Plaintiffs refer the Court to the Complaint [Adv. ECF No. 1] and the Amended Joint Plan of Reorganization [Bankr. ECF No. 127] and Joint Disclosure Statement [Bankr. ECF No. 8] for the general background of these bankruptcy cases and this Adversary Proceeding.

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 3 of 17

There are seventy (70) individual Plaintiffs in this Adversary Proceeding, forty-four (44) of whom currently reside in China. A summary of the current country of residence of each Plaintiff is included as Exhibit 3 to the *Declaration of Matthew J. Livingston in Support of Plaintiffs' Motion for Protective Order* (the "Declaration"), filed in support of this Motion.

Defendants have served notices of deposition for each of the 70 Plaintiffs in this Adversary Proceeding, with each deposition noticed for the week of May 12th – May 16th, 2025. The Notices of Deposition each list the location of the deposition as "Seattle, Washington (exact location TBD)" and Defendants have confirmed that they will not agree to any remote/video depositions for any Plaintiff absent Court order, even for those Plaintiffs currently located in China or any other country outside of the United States. A copy of an example deposition notice of Plaintiff Dahe Zhang is attached as Exhibit 1 to the Declaration. All deposition notices are substantively identical to this deposition notice, other than the day of the deposition for each Plaintiff. The different proposed deposition days are reflected in the summary table attached as Exhibit 2 to the Declaration.

Defendants and Intervenors have confirmed to Plaintiffs that they intend to move forward with 70 depositions over the course of five days, as summarized in the summary table of all depositions included as Exhibit 2 to

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 4 of 17

the Declaration, with fourteen (14) depositions currently scheduled simultaneously for each day of the week of May 12th, 2025.

Requiring Plaintiffs located in China to travel to the United States for in-person depositions imposes an enormous and unnecessary financial and logistical burden on each of the Plaintiffs, a burden which is unreasonable and wholly disproportionate to any supposed benefit of in-person depositions for Defendants and Intervenor. The viability of remote depositions in this matter is further underscored by the fact that the subject of each deposition of each Plaintiff is likely to be primarily focused on the Offering Documents issued to each Plaintiff with respect to the Project, documents which can easily be digitally shared during a remote deposition and which are all substantively identical between Plaintiffs, other than the individual Plaintiff's signature.

Plaintiffs' counsel conferred with counsel for Defendants and Intervenor on two separate occasions regarding these discovery issues in an attempt to reach a resolution, as required by Fed. R. Civ. P. 26(c)(1). Unfortunately, the parties were unable to agree on a procedure for remote depositions for the China-based Plaintiffs or on a reasonable limitation on the total number of Plaintiff depositions. Plaintiffs understand that Defendants and Intervenors believe in-person depositions are required, notwithstanding the enormous financial and logistical burden this imposes on Plaintiffs. As such, Plaintiffs

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

file this Motion seeking a protective order to (i) permit depositions of Plaintiffs to be conducted remotely via video technology and (ii) limit the total number of depositions of Plaintiffs to 10.

**ARGUMENT**

**I. Standard for Protective Order under Rule 26(c)**

Federal Rule of Civil Procedure 26(c)(1), applicable via Fed. R. Bankr. P. 7026, permits a court, "for good cause," to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The rule provides a non-exhaustive list of potential protective measures, including "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery," Fed. R. Civ. P. 26(c)(1)(B), and "limiting the scope of disclosure or discovery to certain matters," Fed. R. Civ. P. 26(c)(1)(D), or "limiting...the number...[of depositions]" under the proportionality principles of Rule 26(b)(2)(C).

The party seeking the protective order bears the burden of showing "good cause" by making "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (internal quotation marks omitted).

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 6 of 17

"Leave to permit remote depositions should generally be granted liberally." *Brower v. McDonald's Corp.*, No. 2:19-cv-02099-GMN-BNW, 2021 WL 3573633, at *2 (D. Nev. May 28, 2021). The Court's analysis proceeds in two steps: "(1) the proponent must advance a legitimate reason for seeking a remote deposition; and (2) if the movant articulates a legitimate reason, then the burden shifts to the opposing party to make a particularized showing that conducting the deposition by remote means would be prejudicial."

### II. Good Cause Exists to Permit Remote Depositions of Plaintiffs in China

#### A. Undue Burden and Expense of In-Person Depositions

As with deciding whether good cause exists to support a protective order, courts have broad discretion in determining the time and place of depositions. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1165 (9th Cir. 1994). Courts within the Ninth Circuit have observed that leave to take depositions remotely should be granted liberally. *See Pruco Life Ins. Co. v. Cal. Energy Dev. Inc.*, 2021 WL 5043289, at *14 (S.D. Cal. 2021); *Lopez v. CIT Bank, N.A.*, 2015 WL 10374104, at *2 (N.D. Cal. 2015)."[I]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98701
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 7 of 17

required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Metrex Research Corp. v. United States,* 151 F.R.D. 122 (D. Colo. 1993).

Requiring Plaintiffs residing in China to travel internationally for depositions presents extraordinary logistical challenges and prohibitive costs. These include significant international airfare costs, potential visa requirements, accommodation, and significant time commitments far exceeding those for domestic depositions. This constitutes a classic example of undue burden and expense justifying protection under Rule 26(c). Moreover, given recent tensions between China and the United States, various Plaintiffs are understandably extremely uneasy with the idea that they would have to travel to the United States and be subject to United States customs and immigrations issues, solely to sit for a deposition to discuss investment documents that could easily be shared remotely via video technology.

Here, requiring at least 44 Plaintiffs to fly from China to the United States and sit for a deposition in person, when a remote deposition would accomplish exactly the same thing, is plainly unduly burdensome. There is no substantive difference in a translated remote deposition and a translated in-person deposition, other than the significant time, money and disruption for each Plaintiff if required to travel to the United States on short notice.

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 8 of 17

Defendants' request to require 70 in-person depositions is a plain attempt to get certain Plaintiffs' to potentially withdraw their claims or otherwise prejudice the strength of their claims because they are unable to incur this additional expense and life-disruption, after already losing more than $550,000 investing in this Project.

### B. Remote Depositions Are Explicitly Authorized and Feasible And Particularly Appropriate In This Case

Fed. R. Civ. P. 30(b)(4) expressly provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Modern video conferencing technology allows for effective remote depositions where counsel can assess witness demeanor, share exhibits electronically, and have objections placed on the record in real-time. Courts routinely authorize remote depositions and remote depositions have been commonplace since the COVID-19 pandemic. *Swenson v. GEICO Casualty Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020); *Vargas v. Evergreen Prof'l Recoveries Inc.*, No. 2:21-cv-00926-RSL-JRC, 2022 WL 856991 (W.D. Wash. Mar. 23, 2022).

### C. Lack of Undue Prejudice

Allowing remote depositions will not unduly prejudice Defendants here. They will still have the opportunity to question the witnesses under oath,

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 9 of 17

observe their demeanor via video, and create a complete record. Protocols can be established to ensure the integrity of the process (e.g., witness identification, agreements on exhibit handling, stipulations regarding the oath administration).

In addition, the primary evidence at issue for each deposition will be the Offering Documents relied upon by Plaintiffs in making each Plaintiff's decision to invest in the Project. These documents are not in dispute and can be easily verified and shared via remote means. Moreover, counsel to Defendants will need to conduct depositions of Plaintiffs in a foreign language and therefore any idea that counsel defendants will be able to assess credibility significantly (or at all) better in person than via remote deposition is highly speculative, given the fact that counsel and each deponent will not be speaking the same language and will be communicating through a translator.

**III. Good Cause Exists to Limit the Total Number of Plaintiff Depositions to Ten (10)**

    **A. Federal Rule of Civil Procedure 30(a)(2)(A)(i), Made Applicable By Federal Rule of Bankruptcy Procedure 7030, Presumptively Limits Total Depositions Per Side to 10**

Federal Rule of Civil Procedure 30(a)(2)(A)(i), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure Rule 7030, provides a presumptive limit of ten (10) depositions per side, absent

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

stipulation between the parties or leave of court. Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Bankr. P. 7030. In considering whether to extend the limit under Rule 26(b)(2), "the Court will consider whether: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Smith v. Ardew Wood Products, Ltd.,* 2008 WL 4837216 (W.D.Wash.2008). A party seeking to exceed the presumptive limit bears the burden of making a "particularized showing" of the need for additional depositions. *Id.*

Here, Plaintiffs submit that 70 depositions is plainly excessive and vastly exceeds the presumptive limit of 10 depositions. While there are 70 plaintiffs, each plaintiff has substantively similar legal and factual issues and there has been no showing by Defendants or Intervenors that 70 in-person depositions are necessary in this case.

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 11 of 17

### B. Undue Burden, Expense, and Proportionality

Noticing or taking depositions of seventy (70) individual Plaintiffs would constitute undue burden and expense and is grossly disproportionate to the needs of this case under the factors outlined in Fed. R. Civ. P. 26(b)(1) and 26(b)(2)(C). These factors include the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, and the importance of the discovery in resolving the issues.

Ten (10) remote depositions will be more than sufficient to permit Defendants to probe the legal and factual issues at play in this Adversary Proceeding. Each deposition will be largely duplicative in primarily investigating the Offering Documents and Project investment decision. There is simply no need for 70 separate in-person depositions when a smaller number of remote depositions will adequately uncover any purported legal or factual issues with Plaintiffs' claims. Moreover, Plaintiffs can and will each submit sworn affidavits regarding each Plaintiff's investment decision in the Project.

### C. Cumulative and Duplicative Discovery

It is highly likely that the testimony of 70 Plaintiffs regarding the Offering Documents would be largely cumulative and duplicative. See Fed. R. Civ. P. 26(b)(2)(C)(i). Defendants can obtain the information necessary to

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 12 of 17

dispute Plaintiffs' claims through a reasonably limited number of depositions targeting representative Plaintiffs or those with unique knowledge. Moreover, Plaintiffs are each willing to submit written affidavits and/or declarations regarding each Plaintiffs' decision to invest in the Project and, if necessary, testify or submit affidavits at the trial currently scheduled in June.

### D. The Proposed Limit is Reasonable

Limiting the total number of Plaintiff depositions to ten (10) strikes a fair balance. It allows Defendants ample opportunity to explore the key facts and variations among Plaintiff claims while protecting Plaintiffs from the staggering and unnecessary burden and expense associated with 70 depositions, including 14 simultaneous depositions each day of a single week. The court must limit discovery where it is "unreasonably cumulative or duplicative" or where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). Both conditions are met here.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court find good cause exists and enter a Protective Order substantially in the form attached hereto as Exhibit 1 pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Bankr. P. 7026:

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 13 of 17

1. Directing that the depositions of any Plaintiff be conducted via remote, simultaneous audiovisual means;
2. Limiting the total number of depositions of individual Plaintiffs in this adversary proceeding to no more than ten (10); and
3. Granting such other and further relief as the Court deems just and proper.

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 14 of 17

DATED: April 22, 2025.

**ARETE LAW GROUP PLLC**

By: /s/ Jeremy E. Roller
Jeremy E. Roller, WSBA No. 32021
Lisa Herb, WSBA No. 23161
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com
lherb@aretelaw.com

**REID & WISE LLC**

By: /s/ Matthew Sava
Matthew Sava (admitted *pro hac vice*)
Matthew Livingston (admitted *pro hac vice*)
Zheng Gao (admitted *pro hac vice*)
One Penn Plaza, Suite 2015
New York, NY 10119
Phone: (212) 858-9968
Fax: (516) 821-8978
msava@reidwise.com
mlivingston@reidwise.com
zgao@reidwise.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd Day of April, 2025, I electronically filed the foregoing MOTION FOR PROTECTIVE ORDER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered for electronic service.

/s/ Matthew J. Livingston

Matthew J. Livingston

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 16 of 17

# Exhibit 1

**Proposed Order**

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

25-80007-FPC    Doc 31    Filed 04/22/25    Entered 04/22/25 11:31:23    Pg 17 of 17