Honorable Frederick P. Corbit

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>1 MIN, LLC; HOTEL AT SOUTHPORT, LLC; and TWELFTH FLOOR, LLC,<br><br>Debtors. | Chapter 11<br><br>Lead Case No. 24-01519<br><br>(Jointly Administered) |
| LAN CAI, SHUJIE CHEN, TIANRAN CHEN, WEIJUN CHEN, JIE CHU, ZHAOJUN CONG, HE CUI, JIANYING DING, JICHUN DU, QING DU, JIEYING FENG, YUPENG GAO, YIRAN HAN, JINYANG HU, NAIXIN HU, XIAO HUANG, JUNMEI JIN, XIN MENG, WEIHONG LU, YUANYUAN MA, MIN PAN, LEI PEI, HAO QI, XIAO RONG, JUAN SHAO, HUI WANG, JINGYI WANG, YUQUAN WANG, ZIDONG WANG, RONGRONG WU, ZHAOHUI XU, QI XU, JIE YAN, KE YANG, QIN YANG, HONGYUN YU, SHUXIAN ZENG, XIAOHONG ZHANG, YING ZHAO, MINBO ZHOU, NAN ZHOU, HUIQING ZHU, ZILING ZENG, LUYI ZHANG, JUNDI LIANG, TAO LI, YUN CAI, HONGLIANG TANG, JIE TANG, WENLUNG CHEN, SHI ZHANG, JUN CHE, DAHE ZHANG, SHAN WAN, XIAOHONG SUN, YAN LYU A/K/A YAN LU, WENYAN WANG, JIALIN TIAN, RUI TANG, XINHAN LIN, SIYU LIU, JIANYING MENG, PHUONG NGUYEN, YEQING PAN, XUERONG QI, QIANG WANG, JUNLI WEI, YUNFEI WU, HONGYING YU, DONGLI ZHANG,<br><br>Plaintiffs,<br><br>v.<br><br>HOTEL AT SOUTHPORT, LLC, TWELFTH FLOOR, LLC, 1 MIN, LLC.,<br><br>Defendants,<br><br>and<br><br>WF CREL 2020 GRANTOR TRUST,<br><br>Intervenor-Defendant. | Adv. Proc. No. 25-80007<br><br>**AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS** |

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC    Doc 36    Filed 04/28/25    Entered 04/28/25 11:56:48    Pg 1 of 15

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I. UNDER WELL-SETTLED PRECEDENT, PLAINTIFFS MUST MAKE THEMSELVES AVAILABLE FOR DEPOSITIONS IN THE FORUM IN WHICH THEY SUED, PARTICULARLY GIVEN THAT THEIR CREDIBILITY IS AT ISSUE IN THE CASE. ................................................................................. 3

II. INCONVENIENCE AND TRAVEL COSTS ARE NOT A LEGITIMATE BASIS FOR REMOTE DEPOSITIONS. ...................................................................................... 6

III. PRECLUDING THE AP DEFENDANTS FROM DEPOSING SIXTY OF THE SEVENTY NAMED PLAINTIFFS WOULD GROSSLY PREJUDICE THE AP DEFENDANTS. ............................................................................................................... 8

CONCLUSION ............................................................................................................................. 11

-i-

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brummett v. Washington's Lottery*,
　171 Wash. App. 664 (2012) ................................................................................................... 9

*Clinton v. Cal. Dep't of Corr.*,
　2008 WL 5068586 (E.D. Cal. Nov. 25, 2008) ........................................................................ 4

*Couch v. Wan*,
　2011 WL 4499976 (E.D. Cal. Sept. 27, 2011) ...................................................................... 10

*Egan v. Resort*,
　2018 WL 1528779 (D. Haw. Mar. 28, 2018) ...................................................................... 6, 7

*In re Fyre Festival Litig.*,
　2021 WL 1292733 (S.D.N.Y. Apr. 6, 2021) ........................................................................... 9

*Gersh v. Anglin*,
　2019 WL 4453062 (D. Mont. Apr. 5, 2019) ........................................................................... 5

*U.S. ex rel. Harris v. Alan Ritchey, Inc. et al.*,
　2008 WL 859458 (W.D. Wash. 2008) .................................................................................... 3

*Jones v. Ford Motor Co., No. 24-10721*,
　2024 U.S. Dist. LEXIS 204379 (E.D. Mich. Nov. 8, 2024) ................................................. 10

*Lopez v. CIT Bank, N.A.*,
　2015 WL 10374104 (N.D. Cal. Dec. 18, 2015) ...................................................................... 7

*McGonigle v. Combs*,
　968 F.2d 810 (9th Cir. 1992) ................................................................................................... 9

*Metrex Research Corp. v. United States*,
　151 F.R.D. 122 (D. Colo. 1993) .............................................................................................. 8

*Music Grp. Macao Com. Offshore Ltd. v. Foote*,
　2015 WL 13423886 (N.D. Cal. Aug. 11, 2015) .............................................................. 3, 4, 7

*Natural-Immunogenics Corp. v. Newport Trial Grp.*,
　2017 WL 10562990 (C.D. Cal. Aug. 14, 2017) ...................................................................... 4

*Pruco Life Ins. Co. v. California Energy Dev. Inc.*,
　2021 WL 5043289 (S.D. Cal. Oct. 29, 2021) ............................................................... 3, 6, 7, 8

*Richardson v. Grey*,
　2025 WL 843768 (D. Idaho Mar. 18, 2025) ........................................................................ 3, 4

*Smartwings, A.S. v. Boeing Co.*,
　2023 WL 3075698 (W.D. Wash. Apr. 25, 2023) .................................................................... 8

-ii-

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC　　Doc 36　　Filed 04/28/25　　Entered 04/28/25 11:56:48　　Pg 3 of 15

*Starbuzz Tobacco, Inc. v. Gold Star Tobacco Inc.*,
   2019 WL 6894525 (C.D. Cal. Sept. 5, 2019) ............................................................ 2, 3, 7

*Thykkuttathil v. Keese*,
   294 F.R.D. 601 (W.D. Wash. 2013) ................................................................................ 10

*United States v. Approximately $57,378 in U.S. Currency*,
   2010 WL 4347889 (N.D. Cal. Oct. 27, 2010) ..................................................................... 6

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................................... 5

*Warren v. Cybulski*,
   2018 WL 1000464 (N.D. Cal. Feb. 21, 2018) .................................................................... 9

**Other Authorities**

Fed. R. Civ. P. 26 .................................................................................................... 1, 6, 10

-iii-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC   Doc 36   Filed 04/28/25   Entered 04/28/25 11:56:48   Pg 4 of 15

Defendants 1 Min, LLC, Hotel at Southport, LLC, Twelfth Floor, LLC (collectively, the "Debtor-Defendants"), by and through their undersigned counsel, Bush Kornfield LLP, and WF CREL 2020 Grantor Trust (together with the Debtor-Defendants, the "AP Defendants"), by and through its undersigned counsel, Eisenhower Carlson PLLC and Mayer Brown LLP, respectfully submit this Opposition to Plaintiffs' Motion for Protective Order [ECF No. 31] (the "Motion") and Cross-Motion to Compel and respectfully state as follows:

**PRELIMINARY STATEMENT**

In a motion that represents the height of *chutzpah*, Plaintiffs ask this Court to not only convert *all* depositions of Plaintiffs into remote depositions, but also flatly *preclude* Defendants from deposing 60 of the 70 Plaintiffs in this complex fraud case featuring a novel and abusive purported application of the alter ego doctrine.[1] In making this unprecedented request, Plaintiffs seek to make a mockery of due process by nullifying the AP Defendants' fundamental right to depose each named Plaintiff and assess his or her credibility in person—an issue that will be critically important given that each Plaintiff faces the individualized burden of establishing each element of fraud, including reliance. Moreover, despite the extraordinary nature of the Motion, Plaintiffs fail to provide *any* evidentiary support for their bald assertion that appearing for a deposition in the very forum in which they sued would constitute an "undue burden." Accordingly, for these reasons and those that follow, the Motion should be denied and the AP Defendants should be permitted to proceed with the noticed in-person depositions of each Plaintiff.

*First,* it is well settled in this Circuit (as well as across the country) that plaintiffs must make themselves available for depositions in the district in which they filed suit. In addition, courts have repeatedly held that remote depositions are an inadequate substitute for in-person testimony, particularly where plaintiffs assert fraud-based claims or their credibility is at issue, as is the case

---

[1] Plaintiffs' demand to substantially limit the number of depositions comes as a surprise to the AP Defendants. Plaintiffs did not raise this issue during any of the parties' teleconferences and only mentioned it for the first time as a passing reference in their *third* iteration of the parties' draft Joint Fed. R. Civ. P. 26(f) Report [ECF No. 34].

-1-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

here. Plaintiffs entirely ignore this salient precedent, which applies foursquare to this action and requires the denial of the Motion.

*Second*, the Motion must also be denied because Plaintiffs do not even *attempt* to offer any evidence that in-person depositions would impose any burden beyond the ordinary cost and inconvenience of travel. Contrary to Plaintiffs' unsupported assertion that such depositions would impose an "enormous" burden, the costs and burden of travel are not a legitimate basis to evade an in-person deposition, so their "argument that traveling to this District (or the United States) presents an undue burden [ ] rings hollow." *Starbuzz Tobacco, Inc. v. Gold Star Tobacco Inc.,* 2019 WL 6894525 at *2 (C.D. Cal. Sept. 5, 2019). And Plaintiffs' complaints about traveling to the United States are particularly unavailing since (a) the very purpose of their EB-5 investment was to obtain a green card enabling them to reside in or travel to the U.S. at will and (b) as Plaintiffs concede, 26 of them currently reside in the U.S. (and therefore lack any conceivable excuse to forgo traveling).

*Third*, the Motion would be grossly objectionable even if it solely sought to convert all of Plaintiffs' depositions into remote depositions, given that courts have repeatedly affirmed the importance of providing defendants with the opportunity to question plaintiffs and observe their demeanor in person to prepare for trial. But by seeking to entirely preclude the AP Defendants from deposing 60 out of 70 Plaintiffs (a whopping 85%)—without citing a single supporting case, no less—the Motion borders on unconscionable, in light of its brazen attempt to vitiate the AP Defendants' due process rights. Indeed, Plaintiffs even go so far as to propose that they be permitted to submit *affidavits* in lieu of depositions, which would enable them to put on their case without being exposed to cross-examination. Although this proposed course would be exceedingly unjust in *any* case, it would be particularly inequitable here since each Plaintiff faces the individual burden of establishing each element of fraud. If due process has any meaning, the Motion must be denied and the deposition limit enlarged to permit in-person depositions of each named Plaintiff.

-2-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC    Doc 36    Filed 04/28/25    Entered 04/28/25 11:56:48    Pg 6 of 15

# ARGUMENT

## I. UNDER WELL-SETTLED PRECEDENT, PLAINTIFFS MUST MAKE THEMSELVES AVAILABLE FOR DEPOSITIONS IN THE FORUM IN WHICH THEY SUED, PARTICULARLY GIVEN THAT THEIR CREDIBILITY IS AT ISSUE IN THE CASE.

Plaintiffs misleadingly assert that "[c]ourts within the Ninth Circuit have observed that leave to take depositions remotely should be granted liberally." Mot. at 7.[2] To the contrary, with respect to depositions of *plaintiffs*, it is black letter law that, absent extraordinary circumstances, they must make themselves available for depositions in the district in which they filed suit; "having selected the forum, the plaintiff will not be heard to complain about having to appear there for depositions." *U.S. ex rel. Harris v. Alan Ritchey, Inc. et al.*, 2008 WL 859458 at *1 (W.D. Wash. 2008). It is on this basis that courts across the country have repeatedly denied plaintiffs' requests to conduct their depositions remotely. *See, e.g.*, *Pruco Life Ins. Co. v. California Energy Dev. Inc.*, 2021 WL 5043289 at *2 (S.D. Cal. Oct. 29, 2021) (requiring plaintiff's deposition to take place in person in the forum state because "the party who noticed the deposition is not a plaintiff who chose the forum of the lawsuit"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 13423886 at *2 (N.D. Cal. Aug. 11, 2015) ("To the contrary, Plaintiff chose to litigate in this forum and therefore should not be permitted to avail itself of the presumption that traveling to this District is an undue burden."); *Richardson v. Grey*, 2025 WL 843768, at *2 (D. Idaho Mar. 18, 2025) (referring to "the general rule" that "defendant may choose the time, place, and manner of plaintiffs' depositions, particularly when plaintiffs have chosen the forum for litigation."). Simply put, because Plaintiffs selected the forum, any "argument that traveling to this District (or the United States) presents an undue burden [ ] rings hollow." *Starbuzz Tobacco Inc.*, 2019 WL 6894525 at *2.

Moreover, in cases where "[t]he credibility of the parties is a key substantive issue," the "circumstances *demand* that depositions take place in person." *Pruco Life Ins.*, 2021 WL 5043289 at *3 (emphasis added). The authority in this Circuit is overwhelming on this critical point. *See,*

---

[2] Plaintiffs cite *Pruco Life Ins.* for this incorrect proposition even though the court in that case *denied* the plaintiff's request to covert his in-person deposition into a video deposition. 2021 WL 5043289 at *3.

-3-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC    Doc 36    Filed 04/28/25    Entered 04/28/25 11:56:48    Pg 7 of 15

*e.g.*, *Clinton v. Cal. Dep't of Corr.*, 2008 WL 5068586, at *2 (E.D. Cal. Nov. 25, 2008) (declining to order remote deposition of named plaintiff because it would "place [defendant] at a disadvantage by not allowing defense counsel to adequately observe plaintiff's demeanor to prepare for trial"); *Music Grp. Macao Com.*, 2015 WL 13423886, at *3 (holding that defendant would be prejudiced by a remote deposition of plaintiff's CEO as it would be "insufficient" to "test [the deponent's] credibility"); *Richardson v. Grey*, 2025 WL 843768, at *3 ("Defendants have the right to depose Plaintiffs [in person] in Boise, and while they could voluntarily agree to remote depositions, they are not required to do so."); *Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2017 WL 10562990 at *6 (C.D. Cal. Aug. 14, 2017) (denying motion for protective order seeking remote depositions because, *inter alia*, the deponents were plaintiff's "principals; they decided to bring this litigation, and they have been actively involved in making litigation decisions, as their counsel have represented. Thus, it is fair to say that their testimony will be controversial, and the tenor of the interactions between the parties and counsel during the depositions may be tense. Videoconference depositions are not suitable for such controversial situations.").

Here, there can be no question that the credibility of each Plaintiff will be a key issue in this complex fraud and alter ego case. Specifically, despite lacking any direct relationship with any of the Debtor-Defendants (since Plaintiffs solely invested in a *lender* to one of the Debtor-Defendants), each of the seventy Plaintiffs allege that each of the three Debtor-Defendants committed six torts, including fraud and breach of fiduciary duty. Moreover, although the Offering Documents expressly disclosed that the EB-5 Loan[3] could be subordinated without limit (*see* ECF No. 14 at 32-33), Plaintiffs allege that they were somehow led to believe that there was a $19 million "cap" on such subordination (Compl. ¶ 45).[4] Accordingly, the Complaint raises numerous

---

[3] All capitalized terms used herein but not defined shall have the meaning ascribed to such terms in the AP Defendants' Motion to Dismiss [ECF No. 14].

[4] Indeed, Plaintiffs' counsel argued that, regardless of what the Offering Documents state, his clients believed that such a "cap" existed:

> "So I think our clients -- and I'll represent to the Court that our clients actually did believe that, whether or not the documents, you know -- the Court is convinced that the documents say that. Our clients did believe that fact."

-4-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC    Doc 36    Filed 04/28/25    Entered 04/28/25 11:56:48    Pg 8 of 15

material, individualized questions relating to Plaintiffs' alleged investments in the EB-5 Lender, including the purported bases for the following unsupported allegations, among many others:

- "Plaintiffs understood that Defendants had previously represented that the senior loan would not exceed $19 million" (Compl. ¶ 45)
- Plaintiffs were "induce[d]" into "invest[ing] in the Project" (*id.* ¶ 80);
- Plaintiffs "relied on Defendants' false statements and omissions" (*id.* ¶ 91); and
- Plaintiffs "did not know Defendants' true intent" (*id.*).

In short, in light of the nature of the claims, as well as Plaintiffs' bald allegations concerning what they purportedly "understood," "believed," "relied on," "kn[e]w," and were "induced" into doing (Compl. ¶¶ 45, 80, 91), Plaintiffs' credibility will be an important issue in this case. Therefore, in-person depositions are necessary so that the AP Defendants can probe the "'the who, what, when, where, and how,' of the misconduct" alleged against the Debtor-Defendants (*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)) and gauge Plaintiffs' credibility. *See Gersh v. Anglin*, 2019 WL 4453062 at *2 (D. Mont. Apr. 5, 2019) (requiring in-person deposition of named party because the deponent "will also likely serve as a key witness and his credibility will presumably be a central issue. Plaintiff cites several cases recognizing that a deposition by remote means may be insufficient where, as here, the deponent is a key witness whose testimony and credibility are central to the case. [ ] This Court agrees that [p]laintiff would be prejudiced if Anglin is not required to appear for an in-person deposition.").

Finally, Plaintiffs argue in passing that because their depositions will require the use of a translator, "any idea that counsel defendants [*sic*] will be able to assess credibility significantly (or at all) better in person than via remote deposition is highly speculative[.]" Mot. at 10. However, regardless of whether an interpreter is present, an in-person deposition is the only way that the AP Defendants can carefully "observe [the witness's, not the interpreter's] *demeanor*" and "ask follow-up questions[] and confront [them] with prior inconsistent statements" without the risk of witness

---

3/25/25 Hr'g Tr. 31:14-21 [ECF No. 33-4].

-5-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC    Doc 36    Filed 04/28/25    Entered 04/28/25 11:56:48    Pg 9 of 15

coaching by unseen individuals. *United States v. Approximately $57,378 in U.S. Currency*, 2010 WL 4347889 (N.D. Cal. Oct. 27, 2010) (denying request for defendant's deposition to proceed by videoconference). In light of the fraud-based claims asserted against the Debtor-Defendants, the importance of Plaintiffs' credibility, and the fact that it is *Plaintiffs* who chose this forum, Plaintiffs' depositions must proceed in person in order to avoid prejudice to the AP Defendants.

## II. INCONVENIENCE AND TRAVEL COSTS ARE NOT A LEGITIMATE BASIS FOR REMOTE DEPOSITIONS.

The Motion should also be denied because Plaintiffs have failed to offer *any* evidence, such as declarations from Plaintiffs, demonstrating that in-person depositions would unduly burden them—which is far from surprising, given that the purpose of their EB-5 investment was to permit them to freely travel to and stay in the United States.[5] With respect to the 44 Plaintiffs who live in China, Plaintiffs baldly assert that requiring them to travel to the United States "presents extraordinary logistical challenges and prohibitive costs," including "international airfare costs, potential visa requirements, accommodation, and significant time commitments." Mot. at 8. But it is well settled that "[m]aintaining and defending claims in a lawsuit will necessarily entail certain costs and expenses" and that "[t]he question under Rule 26(c)(1) is not whether there is *any* cost to travel to appear for a deposition noticed by an opposing party in litigation, but whether the burden of the cost is *undue*." *Pruco Life Ins.*, 2021 WL 5043289 at *3 (emphasis added).

As noted previously, this forum was intentionally selected by Plaintiffs when they chose to sue the Debtor-Defendants.[6] Therefore, the fact that 44 of the Plaintiffs would need to travel internationally and expend "significant time commitments" for their depositions is neither a surprise nor a sufficient reason to forgo in-person depositions; courts in this Circuit are crystal clear on this point. *See Egan v. Resort*, 2018 WL 1528779 at *2 (D. Haw. Mar. 28, 2018) ("Plaintiffs

---

[5] In fact, Plaintiffs provide *no* reason why the 26 Plaintiffs who live in the United States are not able to travel to Washington for their deposition. Accordingly, the Motion should be summarily denied with respect to those Plaintiffs.

[6] Although Plaintiffs may protest that they were constrained to file in this Court because of the Debtor-Defendants' bankruptcy filings, this argument is unavailing given that Plaintiffs' State Court Action was also filed in the State of Washington.

-6-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

chose this district in which to litigate. Other than complaining about the costs they will incur on the trip, Plaintiffs do not establish undue financial hardship, *i.e.*, that they are unable to meet these costs. Likewise, Plaintiffs' statements regarding their travel-related medical concerns are not supported by any medical opinion indicating that they cannot, or should not, be participating in air travel."); *Music Grp. Macao Com.*, 2015 WL 13423886, at *2 ("Plaintiff chose to litigate in this forum and therefore should not be permitted to avail itself of the presumption that traveling to this District is an undue burden.").

For example, in *Starbuzz Tobacco Inc.*, the court rejected a similar request from a plaintiff seeking to avoid traveling to the U.S. from Spain for a deposition, holding that "Plaintiff chose the forum and therefore its argument that traveling to this District (or the United States) presents an undue burden for [plaintiff] rings hollow." *Starbuzz Tobacco Inc.*, 2019 WL 6894525 at *2. Like here, "counsel for both parties" were "in the United States," and, like Plaintiffs, the *Starbuzz* plaintiffs failed to "show[] that [the witness] is unable to travel to the United States for health, immigration, or other reasons." *Id.* In a similar vein, Plaintiffs' unsubstantiated concern about traveling to the U.S. "given recent tensions between China and the United States" is specious at best. *See Egan*, 2018 WL 1528779, at *2 (failure to substantiate concerns about travel dooms request for protective order).

The cases cited by Plaintiffs to support their request for remote depositions (Mot. at 7-8) only further undermine the Motion. In *Pruco Life Insurance*, the court *denied* a request for video depositions, finding that costs and expenses associated with plaintiff's deposition were not undue (and in fact, were outweighed by the fact that "[t]he credibility of the parties" was at issue). *Pruco Life Ins.*, 2021 WL 5043289 at *3. Moreover, while the court in *Lopez v. CIT Bank, N.A.* granted plaintiffs' request to conduct video depositions, the case is readily distinguishable given that (a) the defendant had "violated the [Court's] standing order by refusing Plaintiffs' request to hold a face-to-face discussion" about the nature of the parties' depositions and (b) the claims asserted in *Lopez* (based on the Fair Credit Reporting Act) did not implicate the credibility of the deponent's testimony. *See Lopez v. CIT Bank, N.A.*, 2015 WL 10374104 (N.D. Cal. Dec. 18, 2015). Similarly,

-7-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC    Doc 36    Filed 04/28/25    Entered 04/28/25 11:56:48    Pg 11 of 15

in *Metrex Research Corp. v. United States, neither* party sought remote depositions and it was the *defendants* that moved to limit the depositions of their witnesses (notably, not of any *named* defendants). *See Metrex Research Corp. v. United States,* 151 F.R.D. 122 (D. Colo. 1993).[7]

In short, since the ordinary burdens of travel do not constitute an undue burden, Plaintiffs have offered no legitimate reason, let alone good cause, to deviate from the standard rule: having selected the Eastern District of Washington to resolve this dispute, the presumption that depositions should take place here—and not remotely—stands.

### III. PRECLUDING THE AP DEFENDANTS FROM DEPOSING SIXTY OF THE SEVENTY NAMED PLAINTIFFS WOULD GROSSLY PREJUDICE THE AP DEFENDANTS.

As noted previously, Plaintiffs' motion is particularly brazen because they do not merely demand that their depositions be remote. Instead, despite failing to cite a single supporting case, they make the extraordinary request to entirely *bar* the depositions of *sixty* named Plaintiffs, solely on the basis of the purported "burden and expense" of undergoing such depositions (Mot. at 13). Given that each Plaintiff will have to individually prove each element of fraud in this complex case, precluding Defendants from deposing 85% of the named Plaintiffs would grossly prejudice the AP Defendants.

Specifically, under Washington law, each Plaintiff will face the heavy burden of proving each of the elements of fraud: namely, (1) the representation of an existing fact, (2) the materiality of the representation, (3) the falsity of the representation, (4) the defendant's knowledge of the falsity, (5) the intent by the defendant that the representation will be acted on by the claimant, (6) the claimant's ignorance of the falsity of the representation, (7) the claimant's reliance on the truth

---

[7] In addition, contrary to Plaintiffs' suggestion (Mot. at 9), the fact that video depositions were commonly used during the height of the COVID-19 pandemic is not a basis to forgo in-person depositions years later. *See Smartwings, A.S. v. Boeing Co.*, 2023 WL 3075698, at *2 (W.D. Wash. Apr. 25, 2023) (holding that "plaintiff failed to carry its burden of establishing an undue burden or exceptional circumstances necessary to grant a protective order in this case" because "[a]lthough remote depositions have become more common since the COVID-19 pandemic, this is 'not an indication that the Court intends to allow parties to use COVID-19 as carte blanche to avoid in-person depositions. Such matters must be determined on a case-by-case basis'"); *Pruco Life Ins.*, 2021 WL 5043289 at *3 (holding that credibility concerns outweighed concerns about COVID-19 and ordering in-person depositions of key witness).

-8-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC    Doc 36    Filed 04/28/25    Entered 04/28/25 11:56:48    Pg 12 of 15

of the representation, (8) a right to rely on the representation by the claimant, and (9) damages to the claimant as a result of the reliance. *Brummett v. Washington's Lottery,* 171 Wash. App. 664, 675 (2012). Moreover, each Plaintiff must *individually* prove each element, including reliance and harm. *See generally, McGonigle v. Combs*, 968 F.2d 810, 820 (9th Cir. 1992) ("**each plaintiff** must **prove** not only that the misrepresentations or concealments caused him to make his purchase, but also that they were the reasons why the value of the stock turned out to be less than the plaintiff thought it was going to be" (emphasis in original district court jury instructions)); *Warren v. Cybulski*, 2018 WL 1000464, at *4 (N.D. Cal. Feb. 21, 2018) ("Federal securities laws, state securities laws, and common law fraud each require a plaintiff to show reliance upon a misrepresentation or omission."); *c.f. In re Fyre Festival Litig.,* 2021 WL 1292733, at *4 (S.D.N.Y. Apr. 6, 2021) ("Each named plaintiff will have to demonstrate reasonable reliance on a fraudulent statement that can be attributed to [defendant]. These are not inquiries going to amount of damages; they speak directly to liability for fraud.").

For these reasons, it will be imperative that the AP Defendants be afforded an opportunity to probe Plaintiffs' allegations, including those allegations discussed *supra* at 5, *with respect to each and every Plaintiff*. For example, the AP Defendants must be permitted to question each Plaintiff concerning the following, among many other issues:

- The specific representation(s) that each Plaintiff claims were false;
- When and how each Plaintiff learned of each purported misrepresentation;
- Whether and how each Plaintiff purportedly relied on the alleged misrepresentations; and
- The extent to which each Plaintiff performed due diligence.

Shockingly, Plaintiffs posit that these types of questions could instead be answered via "written affidavits and/or declarations regarding each Plaintiffs' decision to invest in the Project." (Mot. at 13). But this unprecedented proposal would foreclose the AP Defendants' fundamental rights to fully investigate Plaintiffs' claims, test the veracity of their allegations, assess Plaintiffs' credibility, and ultimately, put on a defense. Indeed, as discussed in Section I, *supra*, courts have

-9-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

1  repeatedly emphasized these rights in rejecting plaintiffs' requests to merely convert in-person depositions into remote ones; these cases apply with exponentially more force to Plaintiffs' demand to obviate 60 of 70 depositions entirely.

Moreover, Plaintiffs' unsupported proposition that a ten deposition limit is appropriate because AP Defendants would be able to "target representative Plaintiffs or those with unique knowledge" (Mot. at 13) is belied by the fact that there are no "representative Plaintiffs." To the contrary, the Complaint fails to distinguish between *any* of the Plaintiffs, let alone allege that any particular Plaintiff had "unique knowledge" (Mot. at 13). In other words, Plaintiffs' own vague and conclusory complaint—which lacks allegations of particularized conduct by *any* named party—undermines their Motion.

Finally, the complexities of this case (*see supra* at 5) strongly militate in favor of enlarging the deposition limit under Fed. R. Civ. P. 26(a)(2)(A)(i), particularly when weighed against Plaintiffs' conclusory statement that "[n]oticing or taking depositions of seventy (70) individual Plaintiffs would constitute undue burden and expense and is grossly disproportionate to the needs of this case" (Mot. at 12). *See generally Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013) (enlarging the deposition limit in light of "[t]he complexity of the instant matter, in that there are multiple parties on each side, and plaintiffs have disclosed a large number of potential witnesses"); *Couch v. Wan*, 2011 WL 4499976 at *2 (E.D. Cal. Sept. 27, 2011) (granting leave to take additional depositions because the "complexities of [the] case justifie[d] exceeding the presumptive deposition limit"). Indeed, the significant number of Plaintiffs alone (particularly in a non-class action) constitutes good cause to expand the deposition limit. *See Jones v. Ford Motor Co.*, No. 24-10721, 2024 U.S. Dist. LEXIS 204379, at *27 n.13 (E.D. Mich. Nov. 8, 2024) ("[I]t is not harassment or over-reaching for a Defendant who is defending a litany of individual claims asserted against it (including fraud-based claims)" brought by 4,000 individual plaintiffs "to want to depose the persons who are asserting those claims.").

-10-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC   Doc 36   Filed 04/28/25   Entered 04/28/25 11:56:48   Pg 14 of 15

# CONCLUSION

For the reasons set forth above, the AP Defendants respectfully request that the Court deny Plaintiffs' Motion and enlarge the deposition limit to permit in-person depositions of each named Plaintiff.

Dated: April 28, 2025

**BUSH KORNFELD LLP**

By: /s/ *Jason Wax* _____
James L. Day, WSBA #20474
Christine M. Tobin-Presser #27628
Jason Wax, WSBA #41944

*Counsel to the Debtors*
**EISENHOWER CARLSON PLLC**

By: *Darren R. Kattli*_____
Darren R. Krattli, WSBA No. 39128
909 A Street, Suite 600
Tacoma, Washington 98402
Telephone: (253) 572-4500
Facsimile: (253) 272-5732
Email: DKrattli@Eisenhowerlaw.com

-and-

**MAYER BROWN LLP**
Thomas S. Kiriakos (*pro hac vice*)
Craig E. Reimer (*pro hac vice*)
71 S. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
Email: TKiriakos@mayerbrown.com
　　　　CReimer@mayerbrown.com

-and-

Jason I. Kirschner (*pro hac vice*)
Alina Artunian (*pro hac vice*)
Danielle A. Sigal (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Email: JKirschner@mayerbrown.com
　　　　AArtunian@mayerbrown.com
　　　　DSigal@mayerbrown.com

*Counsel to WF CREL 2020 GRANTOR TRUST*

-11-
AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL IN-PERSON DEPOSITIONS OF ALL NAMED PLAINTIFFS

25-80007-FPC    Doc 36    Filed 04/28/25    Entered 04/28/25 11:56:48    Pg 15 of 15