| | |
|---|---|
| | Honorable Frederick P. Corbit |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| 1 MIN, LLC; HOTEL AT SOUTHPORT, LLC; and TWELFTH FLOOR, LLC, | Lead Case No. 24-01519 |
| | (Jointly Administered) |
| Debtors. | |
| | Adv. Proc. No. 25-80007 |
| LAN CAI, SHUJIE CHEN, TIANRAN CHEN, WEIJUN CHEN, JIE CHU, ZHAOJUN CONG, HE CUI, JIANYING DING, JICHUN DU, QING DU, JIEYING FENG, YUPENG GAO, YIRAN HAN, JINYANG HU, NAIXIN HU, XIAO HUANG, JUNMEI JIN, XIN MENG, WEIHONG LU, YUANYUAN MA, MIN PAN, LEI PEI, HAO QI, XIAO RONG, JUAN SHAO, HUI WANG, JINGYI WANG, YUQUAN WANG, ZIDONG WANG, RONGRONG WU, ZHAOHUI XU, QI XU, JIE YAN, KE YANG, QIN YANG, HONGYUN YU, SHUXIAN ZENG, XIAOHONG ZHANG, YING ZHAO, MINBO ZHOU, NAN ZHOU, HUIQING ZHU, ZILING ZENG, LUYI ZHANG, JUNDI LIANG, TAO LI, YUN CAI, HONGLIANG TANG, JIE TANG, WENLUNG CHEN, SHI ZHANG, JUN CHE, DAHE ZHANG, SHAN WAN, XIAOHONG | **AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF <u>MOTION TO DISMISS</u>** |

| | |
|---|---|
| 1 | SUN, YAN LYU A/K/A YAN LU, WENYAN WANG, JIALIN TIAN, RUI TANG, XINHAN LIN, SIYU LIU, JIANYING MENG, PHUONG NGUYEN, YEQING PAN, XUERONG QI, QIANG WANG, JUNLI WEI, YUNFEI WU, HONGYING YU, DONGLI ZHANG, |
| | Plaintiffs, |
| | v. |
| | HOTEL AT SOUTHPORT, LLC, TWELFTH FLOOR, LLC, 1 MIN, LLC., |
| | Defendants, |
| | and |
| | WF CREL 2020 GRANTOR TRUST, |
| | Intervenor-Defendant. |

Defendants 1 Min, LLC (the "EB-5 Debtor"), Hotel at Southport, LLC (the "Hotel Debtor"), and Twelfth Floor, LLC (together with the EB-5 Debtor and the Hotel Debtor, the "Debtor-Defendants"), by and through their undersigned counsel, Bush Kornfield LLP, and WF CREL 2020 Grantor Trust (together with the Debtor-Defendants, the "AP Defendants"), by and through its undersigned counsel, Eisenhower Carlson PLLC and Mayer Brown LLP, respectfully submit this opposition to Plaintiffs' Motion for Reconsideration of Order Granting in Part, Denying in Part Motion to Dismiss Adversary Proceeding [ECF No. 33] and respectfully state as follows:

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF MOTION TO DISMISS – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80007-FPC    Doc 42    Filed 04/30/25    Entered 04/30/25 11:54:57    Pg 2 of 9

## PRELIMINARY STATEMENT

It is well-settled that reconsideration motions are not vehicles for parties to "make new legal arguments" that could have "been brought to [the Court's] attention earlier with reasonable diligence." *JTH Tax LLC v. McHugh*, 2020 WL 1929273 at *1 (W.D. Wash. April 21, 2020). Yet, in flagrant violation of Federal Rule of Civil Procedure 60(b), Plaintiffs brazenly contend that the Court committed "clear error" in partially granting the AP Defendants' motion to dismiss (the "Motion to Dismiss") [ECF No. 33-2], even though Plaintiffs' Motion for Reconsideration (the "Motion") is based on *Plaintiffs' own "error,"* not the Court's. Specifically, the Motion—which asserts that Plaintiffs' direct claims against the Hotel Debtor should not have been dismissed because the Prior Owner's[1] liabilities purportedly transferred to the Hotel Debtor at the time of the Prior Owner's conversion—is primarily based on a single cherry-picked document that Plaintiffs have had since the beginning of this case, and which could have been introduced in Plaintiffs' 41 page opposition to the Motion to Dismiss [ECF No. 17] or even during the lengthy oral argument on March 25, 2025. For this reason alone, the Motion should be denied. But to add insult to injury, neither applicable law nor the one previously available document (*i.e.*, the Plan of Conversion and Conversion Agreement [ECF No. 33-3] (the "Plan of Conversion")) actually demonstrates "clear error." To the contrary, (a) the law is clear that tort liability does *not* automatically transfer in an LLC conversion and (b) given that the EB-5 Loan was assigned to the EB-5 Debtor (and not the Hotel Debtor), it is undisputed that all of the Prior Owner's liabilities did *not* in fact transfer to the Hotel Debtor at the time of conversion (*i.e.*, the fundamental proposition underlying the Motion is incorrect).

---

[1] All capitalized terms used but not defined shall have the meaning set forth in the AP Defendants' Memorandum of Law in Support of Their Motion to Dismiss [ECF No. 14].

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF MOTION TO DISMISS – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80007-FPC    Doc 42    Filed 04/30/25    Entered 04/30/25 11:54:57    Pg 3 of 9

In short, Plaintiffs cannot now blame the Court for their own failure to exercise "reasonable diligence" (*JTH Tax LLC*, 2020 WL 1929273, at *1), and in any event, Plaintiffs' "new" arguments would not have changed the result of the motion to dismiss. The Motion should be denied.

## ARGUMENT

### I. THE MOTION MUST BE DENIED BECAUSE, WITH REASONABLE DILIGENCE, PLAINTIFFS' ARGUMENTS FOR RECONSIDERATION COULD HAVE BEEN MADE AT THE TIME THE MOTION TO DISMISS WAS ADJUDICATED.

Plaintiffs concede that motions for reconsideration pursuant to Rule 60(b) are disfavored by courts and reserved only for exceptional circumstances. *See Vijuve Inc. v. Kaspien Inc.*, 2023 WL 5054154, at *1 (E.D. Wash. Aug. 8, 2023) ("Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"); *Entler v. Sinclair*, 2019 U.S. Dist. LEXIS 125031 at *3 (E.D. Wash. July 26, 2019) ("As a rule, a court should be loathe to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"); *In re Eutsler*, 2017 WL 1393676, at *1 (E.D. Wash. Apr. 18, 2017) ("However, reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."); *Tompkins v. Spokane Cnty., Wash.*, 2009 WL 688371 at *2 (E.D. Wash. Mar. 16, 2009) ("It is a basic principle of federal practice that courts generally refuse to reopen what has been decided."). Moreover, it is black letter law that reconsideration should not be granted based on "new legal arguments" that could have "been brought to [the Court's] attention earlier with reasonable diligence." *JTH Tax LLC*, 2020 WL 1929273 at *1; *see also Richey v. Aiyeku*, 2019 WL 13246664, at *1 (E.D. Wash. Jan. 16, 2019) (denying reconsideration motion "[i]n the absence of *new* evidence, a change in the controlling law, or clear error") (emphasis added). These established holdings require the denial of the Motion.

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF MOTION TO DISMISS – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80007-FPC    Doc 42    Filed 04/30/25    Entered 04/30/25 11:54:57    Pg 4 of 9

Specifically, Plaintiffs claim that reconsideration is necessary because "[a]fter a careful review" of the Plan of Conversion, "it is indisputable that such conversion had no legal effect on the liabilities of the Hotel at Southport LLC entity as of the date of the conversion of such entity." Mot. at 3-4. As discussed *infra* (at Section II), Plaintiffs' conclusion is incorrect, but even if it were accurate, Plaintiffs provide no reason why they waited until weeks *after* the Motion to Dismiss was fully briefed, argued, and adjudicated to perform a "careful review" of a document that has been in their hands since before the start of this case.[2] On this basis alone, the Motion should be denied. *See, e.g.*, *Sager v. Thurston Cnty.*, 86 F. App'x 299, 300 (9th Cir. 2004) (affirming denial of motion for reconsideration because the "motion was premised on documents and information that were available to Sager at the time of defendants' motion for summary judgment"); *Bunn v. Dash*, 2021 WL 4732510 at *3 (C.D. Cal. July 28, 2021) (denying reconsideration motion based on failure of "reasonable diligence" where "late-filed email exchange" did not "constitute 'newly discovered evidence' as its at least one-time existence was known to Plaintiff and in Plaintiff's counsel's possession, custody or control at the time Plaintiff originally filed Plaintiffs' Opposition to Defendant's Motion"); *Young v. Blueshield*, 2008 WL 4585260 at *1 (W.D. Wash. Oct. 14, 2008) (denying reconsideration where additional documents "were equally available to plaintiffs" and "could have been obtained earlier with reasonable diligence" and "[b]ecause the updated records were available previously, they cannot support reconsideration of the Order").

Given that Plaintiffs only have themselves to blame for not introducing the Plan of Conversion earlier, their unfounded assertion that the *Court* somehow committed "an error of law" (Mot. at 7) is particularly galling. Simply put, since the only "error" identified by Plaintiffs is their own failure to

---

[2] Indeed, as Plaintiffs note, the Plan of Conversion was expressly referenced on page 6 of the Debtors' Joint Disclosure Statement [Bankr. ECF No. 8] (cited in Mot. at 8), so Plaintiffs lack any conceivable excuse for not "careful[ly] review[ing]" the Plan earlier.

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF MOTION TO
DISMISS – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80007-FPC    Doc 42    Filed 04/30/25    Entered 04/30/25 11:54:57    Pg 5 of 9

exercise reasonable diligence, the Motion must be denied. *See Flake v. United States*, 1995 WL 819183, at *2 (D. Ariz. Dec. 7, 1995) ("The documents Plaintiff submitted in support of her Motion for Reconsideration relate to issues in the Motions for Partial Summary Judgment. However, Plaintiff had ample opportunity to submit these documents with her responses to Defendants' motions. Moreover, Plaintiff does not allege that the documents were not available at the time she filed her responses. As such, these documents do not constitute new evidence. In essence, Plaintiff requests the Court to rethink what it has already thought through. Such a request does not warrant a granting of a motion for reconsideration.").

## II. IN ANY EVENT, PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THE COURT COMMITTED CLEAR ERROR.

Plaintiffs' reconsideration argument fares no better on the merits. Specifically, Plaintiffs allege that the Plan of Conversion "expressly provide[s] that all [of the Prior Owner's] liabilities were assumed by [the Hotel Debtor]" and that applicable law "make[s] crystal clear that the new Delaware LLC is to be 'deemed to be the same entity' as the prior LLC." Mot. at 4. However, Plaintiffs fall far short of establishing either proposition, particularly when judged by the high standard required to demonstrate "clear error."

With respect to the Plan of Conversion, the Motion solely relies on an out-of-context sentence stating that, "[a]ll debt, liabilities, obligations, and duties of the Washington LLC will attach to the Delaware LLC[.]" Mot. at 9. However, this provision fails to establish "clear error" for at least two reasons. First, it is well settled that the contractual assumption of liabilities does not automatically encompass *tort* liability (which is the only relevant issue since Plaintiffs' claims sound in tort). *See Optimer Int'l, Inc. v. Bellevue, L.L.C.*, 134 Wash. App. 1027 (2006) (finding "simply [ ] no basis to conclude that tort liability was included in the assumption" of "all rights, duties, and obligations" where

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF MOTION TO DISMISS – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80007-FPC    Doc 42    Filed 04/30/25    Entered 04/30/25 11:54:57    Pg 6 of 9

party could not "point to any part of the assignment that assign[ed] [ ] tort liability" to defendant); *cf. Shakur v. Creditors Interchange*, 2015 WL 9690316 at *3 (C.D. Cal. Mar. 11, 2015) (a corporation that purchases the assets of another is not liable for the seller's liabilities unless it expressly or impliedly assumed the predecessor's tort liability). Second, as a factual matter, it is undisputed that "[a]ll debt, liabilities, obligations, and duties of the [Prior Owner]" did *not* in fact "attach" to the Hotel Debtor given that liability related to the EB-5 Loan was transferred from the Prior Owner to the *EB-5 Debtor*, not the Hotel Debtor. See ECF No. 14 ¶ 29.[3] Accordingly, the fundamental proposition underlying the Motion—namely, that *all* liabilities (tort or contractual) transferred automatically to the Hotel Debtor pursuant to the Plan of Conversion—is false, requiring the denial of the Motion.

Plaintiffs' arguments based on Delaware law only further demonstrate their selective and misleading quotations of evidence and statutes. Specifically, Plaintiffs mistakenly assert that Section 18-214(f) of the Delaware Limited Liability Company Act (the "Act") "results in the Delaware LLC being 'deemed' to be the same entity as the predecessor out-of-state LLC entity." Mot. at 10.[4] But Plaintiffs' quotation omits the following language from the Act, which directly contradicts their argument:

> The rights, privileges, powers and interests in property of the other entity, as well as **the debts, liabilities and duties of the other entity**, **shall not be deemed, as a consequence of the conversion, to have been transferred to the domestic limited liability company to which such other entity has converted for any purpose of the laws of the State of Delaware.**

---

[3] This fact demonstrates that, contrary to Plaintiffs' emphatic statements about the Plan of Conversion, it cannot be considered in isolation. Indeed, a single, out-of-context contractual provision is a grossly insufficient basis for a motion to reconsider.

[4] Strangely, Plaintiffs also quote the Delaware General Corporation Law, which is inapplicable given that both the Prior Owner and Hotel Debtor are LLCs.

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF MOTION TO DISMISS – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80007-FPC    Doc 42    Filed 04/30/25    Entered 04/30/25 11:54:57    Pg 7 of 9

Delaware Limited Liability Company Act § 18-214(f) (emphasis added). In other words, the purported "clear statutory language" on which Plaintiffs rely (Mot. at 10) actually provides that the liabilities of the Prior Owner did *not* automatically transfer to the Hotel Debtor.[5]

In sum, even if the non-existence of the Hotel Debtor at the time of the Offering were the "primary basis" for the Court's order (which, contrary to Plaintiffs' arguments, is not the case),[6] Plaintiffs have not come close to demonstrating that the Court committed "clear error."

## CONCLUSION

For the reasons set forth above, the AP Defendants respectfully request that the Court deny the Motion.

Dated: April 30, 2025  **BUSH KORNFELD LLP**

By: /s/ *James L. Day*
James L. Day, WSBA #20474
Christine M. Tobin-Presser #27628
Jason Wax, WSBA #41944

*Counsel to the Debtors*

**EISENHOWER CARLSON PLLC**

By: *Darren R. Krattli*
Darren R. Krattli, WSBA No. 39128
909 A Street, Suite 600

---

[5] In addition, the two non-binding cases cited by Plaintiffs (Mot. at 11-12) fail to salvage the Motion because neither holds that *tort liabilities* transfer from the prior entity to the "new" one. And even if Plaintiffs had identified any relevant supporting case law, it is well-settled that "arguments on reconsideration that 'provide no more than a different interpretation of law must [] be rejected." *Wilson v. TA Operating, LLC*, 2017 WL 1105235 at *2 (M.D. Penn. Mar. 24, 2017).

[6] The Court never stated that the non-existence of the Hotel Debtor was the "primary basis" for its Order. Moreover, as noted during the hearing on the Motion to Dismiss, the AP Defendants proffered three separate arguments for dismissal that do not hinge on the non-existence of the Hotel Debtor at the time of the Offering. 3/25/25 Hr'g Tr. 39:1-40:25 [ECF No. 33-4]; *see generally* ECF No. 14.

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF MOTION TO
DISMISS – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80007-FPC    Doc 42    Filed 04/30/25    Entered 04/30/25 11:54:57    Pg 8 of 9

Tacoma, Washington 98402
Telephone: (253) 572-4500
Facsimile: (253) 272-5732
Email: DKrattli@Eisenhowerlaw.com

-and-

**MAYER BROWN LLP**

Thomas S. Kiriakos
Craig E. Reimer
71 S. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
Email: TKiriakos@mayerbrown.com
　　　　CReimer@mayerbrown.com

-and-

Jason I. Kirschner
Alina Artunian
Danielle A. Sigal
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Email: JKirschner@mayerbrown.com
　　　　AArtunian@mayerbrown.com
　　　　DSigal@mayerbrown.com

*Counsel to WF CREL 2020 GRANTOR TRUST*

AP DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF MOTION TO
DISMISS – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80007-FPC   Doc 42   Filed 04/30/25   Entered 04/30/25 11:54:57   Pg 9 of 9